LAND, J.
The plaintiff, the son of Dewit C. Rhodes, who died in the parish of Rapides in the year 1858, sued his mother, Mrs. Mary D. Cooper, for a partition of his father’s estate, and for an accounting for rents, and also to compel her to file an account of her administration as tutrix of the separate property of the plaintiff. The petition represents that said estate consisted of 40 acres of land, highly improved, which was in October, 1899, donated by his mother to her daughter, Helen C. Helm, who was made a party to the suit.
The petition alleges that there was a pretended partition of the estate of the father made in 1863, when plaintiff was a minor, the record of which was burned in 1864; that petitioner was fully emancipated in 1873; and that in 1878 his mother brought suit to re-establish the record of said pretended and informal petition, to which said suit plaintiff made no opposition.
The petition further represents that said estate consisted in 1863 solely of said tract of land, which was allotted to his mother, while, on the advice of a family meeting, negroes which had been freed were allotted to plaintiff.
“Petitioner represents that the interference of said family meeting in the making of said partition rendered it utterly informal, even if it was a valid family meeting, but the evidence shows that the undertutor was no party to the proceedings of said family meeting, but a special tutor, and that said pretended family meeting was without authority or capacity to advise touching the interest of petitioner.”
The petition further represents that plaintiff was not a party to 'said pretended partition, and that he was represented therein by a special tutor, who was without authority to represent him in said proceeding.
The petition further represents that the donation to Mrs. Helm was an absolute nullity, because the donor reserved the usufruct of a certain portion, and resides on said property with the donee and husband.
The petition further represents that in 1866 and 1867 he acquired several plantations by testamentary dispositions, all of which went into the hands of his mother, as his tutrix; that the work stock and farming implements on said plantations were sold, and the proceeds also went into her hands; and that the revenues from said property from January 1, 1868, to January 1, 1874, were at least $5,000 per annum.
Petitioner further represents that the revenues from his father’s estate from 1858 to 1873 amounted to at least $6,000, and that the rent of said 40 acres of land has been worth $600 per annum from 1874 to the present time.
The prayer is for judgment of partition of the father’s estate, with an accounting for rents from January 1, 1874, at the rate of $600 per year, and for a decree ordering Mrs. Cooper to file an account of her tutorship of the plaintiff, and condemning her to pay such amount as may be found- due.
Defendants pleaded the prescription of 1, 2, 3, 4, 5, 10, 20 and 30 years “in bar to both branches of plaintiff’s action.” There was judgment dismissing plaintiff’s suit, and he has appealed.
It is apparent that plaintiff has cumulated in his petition two distinct demands or causes of action.
He objected to the first plea of prescription on the ground that it did not specify the *603 particular demand against which it was intended to be pleaded. Defendants then renewed the plea in bar to both demands. This plea was sufficiently specific, and whether it was applicable to both demands or one of them or neither is a question of law for the court.
On the trial of the plea, plaintiff objected to all evidence offered by defendants on the ground that the plea did not set forth any facts, records, or contracts and was triable only on the face of the petition. The objections were overruled, and the defendants introduced in evidence the record of the emancipation of plaintiff, and the record and evidence in the suit of Mary D. Cooper-v. John T. Rhodes, both of which were referred to in plaintiff’s petition, and also a notarial act of transfer and renunciation between plaintiff and his mother passed in 1886.
The record of the emancipation was admissible for the purpose of fixing the starting point of prescription. We do not think that the other evidence was admissible under the plea, which did not negative any of the averments of the petition, nor set up the adverse possession which is the basis of the prescription of 10 and 30 years. At the same time, we do not think that the plea of prescription to the demand for a partition can be intelligently tried and determined until the court is better informed as to the probate proceedings and partition, and the commencement and nature of the possession of Mrs. Cooper. The judgment in suit, of Cooper v. Rhodes, states that the partition was made in 1860 or 1861. The allegations of the petition admit that there was a partition, and that the land in dispute was allotted to plaintiff’s mother in 1863, and it is charged that defendant has accounted for no part of the rents and revenues of said property from the year 1858.
The petition alleges that Dewit C. Rhodes died in 1858, and that his widow qualified as natural tutrix of the plaintiff and his minor sister, who died prior to the partition proceedings.
Plaintiff alleges further that his mother married Austen Burgess in 1860; that he died in 1870, and in 1872 or 1873 she married Silas H. Cooper, who died in 1897. On the face of the petition, the mother forfeited the natural tutorship in 1860, there being no allegation that she was retained in the tutorship on the advice of a family meeting. Whether she was tutrix at the date of the partition, or whether there was a tutorship and undertutor at that time, has an important bearing on the question of the formality of the proceedings.
We are of opinion that the plea of prescription as to the demand for a partition, or for its rescission, should have been referred to the merits.
The action of partition cannot be prescribed against as long as the thing remains in common, and such community is acknowledged or proved. Civ. Code, art. 1304.
But a suit for a partition is barred by the separate and adverse possession of one of the heirs or joint owners for 30 years, when such possession has been continued and uninterrupted. Civ. Code, art. 1305. It has been held that minority does not suspend this prescription. Rankin v. Bell, 2 La. Ann. 486. But we express no opinion on this point.
An action for the rescission of a partition is prescribed by five years, which commences against minors after their majority. Civ. Code, arts. 3542, 1413.
In case of minors, where the formalities prescribed by law have not been fulfilled, the partition is only considered as provisional, and it is not necessary to sue to rescind it, but a new partition may be demanded for the least lesion. Civ. Code, arts. 1399, 1400.
Plaintiff’s complaint of lesion is bottomed on the allegation that in the partition he received his share in negroes, which were not *605 property -when the partition was made, in 1883. The date of the partition is therefore important.
On the face of the petition, plaintiff’s action against his mother, as tutrix, for an accounting, has long since been barred by the prescription of four years. Civ. Code, art. 362.
Whether she received the revenues of the land described in the petition as joint owner or as tutor, and for what length of time, is a question to be determined on the merits.
It is therefore ordered, adjudged, and decreed that the judgment appealed from, in so far as it dismisses plaintiff’s demand for an accounting of the tutorship, be affirmed, but that said judgment be annulled, avoided, and reversed in all other particulars; and it is further ordered, adjudged, and decreed that defendant’s plea of prescription to plaintiff’s demand for a partition be referred to the merits, and that this cause be remanded for further proceedings according to law and the views herein expressed; defendants to pay costs of appeal.