(129 So. 655)

**J. P. BARNETT CO., Inc., v. LUDEAU.**

No. 30378.

June 2, 1930.

Rehearing Denied July 2, 1930.

John W. Lewis, of Opelousas, for appellant.

J. Hugo Dore, of Ville Platte, and L. L. Perrault and Dubuisson & Burleigh, all of Opelousas, for appellee.

ROGERS, J.

Plaintiff, a corporation, prosecutes this appeal from a judgment dismissing its suit on an exception of no cause of action.

The petition alleges plaintiff's incorporation under the laws of Louisiana; the creation of the copartnership with the defendant for the purchase and sale of cotton in the parish of Evangeline for the season of 1925–1926; the execution in full of the partnership transactions; the loss of $8,932.37 suffered by the copartnership as the result of such transactions; and defendant's indebtedness to plaintiff for $4,466.18, representing one-half of the loss. The prayer of the petition is for judgment in plaintiff's favor for the amount of defendant's indebtedness, with interest.

Defendant urges four objections under his exception to plaintiff's petition as not disclosing sufficient facts to constitute a cause of action, viz.: First, that the contract was not a partnership, because defendant furnished neither property, credit, skill, nor industry to the venture; secondly, that a corporation cannot enter into a contract of partnership with an individual unless authorized to do so by special statutory authority; thirdly, that the contract between the parties was entered into by the president of the corporation and the defendant merely as individuals; and, fourthly, that the contract declared on by plaintiff is one in restraint of trade, and hence is illegal and void.

We will consider and dispose of these objections in the order in which they are stated.

1. Under the agreement between the parties they were to be equal partners, sharing equally in the profits or in the losses of the partnership, the business to be financed and entirely conducted by the plaintiff corporation. Defendant contends that this agreement under Civ. Code, arts. 2801 and 2982, was not a partnership but was an aleatory contract, and, as such, is unenforceable.

An "aleatory contract," according to article 2982 of the Civil Code, is a mutual agreement, of which the effects, with respect to both the advantages and losses, whether to all the parties or to one or more of them, depend on an uncertain event.

Defendant argues that the event of the contract between the parties was uncertain because it depended on the success or failure of plaintiff's operations in the cotton business in the Parish of Evangeline. If this argument were sound, then all the ordinary business contracts of a community are aleatory in character and unenforceable, because the success of every business venture is always more or less uncertain. But the argument is not sound, and the contention based thereon cannot prevail.

Defendant contends that the agreement between the parties is not a "partnership" under the definition of such a relation as contained in article 2801 of the Civil Code, viz.: "Partnership is a synallagmatic and commutative contract made between two or more persons for the mutual participation in the profits which may accrue from property, credit, skill or industry, furnished in determined proportions by the parties."

There is nothing in the contract declared on herein that is in conflict with the codal definition of a partnership, for it expressly stipulates for the mutual participation of the parties in the profits to accrue from the property, credit, skill, and industry furnished wholly by the plaintiff corporation as its proportion of the things it was to contribute to the partnership as determined by the parties. And certainly we know of no law, and have been referred to none, which prohibits two or more persons from entering into a contract to engage in a certain venture, profits and losses to be shared equally among them, where all the property is furnished and the entire management is intrusted to one of the contracting parties.

2. This ground of objection is the one sustained by the court below in dismissing plaintiff's suit. We are unable to concur in the correctness of this ruling.

■ While according to the great weight of authority a corporation has no implied power to form a partnership with an individual; nevertheless, when such a partnership is formed, the individual member thereof cannot set up the invalidity of the partnership contract which has been fully executed.

There are numerous cases which treat the pecuniary results of a partnership between a corporation and an individual as subject to the protection of the courts. Vide, Allen v. Woonsocket Co., 11 R. I. 288; Butler v. Toy Co., 46 Conn. 136; Catskill Bank v. Gray, 14 Barb. (N. Y.) 471; Conkling v. University, 2 Md. Ch. 497; N. Y. & S. Canal Co. v. Fulton Bank, 7 Wend. (N. Y.) 412; Kelly v. Biddle, 180 Mass. 147, 61 N. E. 821; News-Register Co. v. Rockingham Pub. Co., 118 Va. 140, 86 S. E. 874; Standard Oil Co. v. Scofield, (N. Y.) 16 Abb. (N. C.) 372; Moore v. Thorpe, 133 Minn. 244, 158 N. W. 235.

The transactions between the parties under their partnership contract, according to the allegations of the petition, were fully executed, and not merely executory, transactions which ought to be allowed to stand against both of them under the plainest rules of good faith and fair dealing.

If we assume, without deciding, that the plaintiff corporation was acting without lawful authority in entering into the contract of partnership with the defendant, the defendant, nevertheless, is not in a position to avail himself of the defense of ultra vires in respect of the profits or the losses of the joint enterprise. Cf. Nims v. Boys' School, 160 Mass. 177, 35 N. E. 776, 22 L. R. A. 364, 39 Am. St. Rep. 467; Kelly v. Biddle, supra; News–Reg-ister Co. v. Rockingham Pub. Co., supra; Standard Oil Co. v. Scofield, supra.

■ 3. This ground of objection is also untenable. The allegations of the petition are that the contract was made on behalf of the plaintiff corporation by its president, general manager and largest stockholder. The allegations for the purpose of the exception must be taken as true.

■■ At the present time the ordinary business of a corporation is frequently intrusted to the management of a general manager, and it is well recognized that the corporation is bound by the acts of such manager within the apparent scope of his authority. The fact that a person having the general direction and active conduct of the business of the corporation is also its president does not operate as a limitation of the powers usually exercised by such agents or managers. 7 R. C. L. § 627, p. 628.

■ If these allegations of the petition are not true, and the officer assuming to contract for his corporation was without power to do so, the defense is a special one, which must be determined on the merits under a special plea to that effect.

■ Moreover, a fair interpretation of all the allegations of the petition, taken together, shows that the corporation ratified the contract entered into on its behalf with plaintiff by executing it according to its terms.

It is too well settled to require the citation of authority that a corporation, like a natural person, by executing the provisions of an unauthorized contract acquiesces therein by implication and ratifies it.

4. This ground of objection is based on defendant's theory that the purpose of the agreement between the parties was to stifle competition and to lower the price of cotton

in the parish of Evangeline; and hence it was against public policy and unenforceable.

The legal presumption is in favor of the validity of contracts. The law does not assume an intention on the part of the contracting parties to violate its provisions, nor will their agreement be adjudged illegal where it is capable of a construction which will maintain its validity. The rule is particularly applicable in the case of an exception of no cause of action, in the consideration of which all reasonable intendments must be indulged in support of the agreement attacked.

Defendant's theory is founded on the allegations in the petition, showing that the plaintiff corporation and the defendant, who were extensive dealers in cotton in the parish of Evangeline, entered into a partnership for the purpose of buying and selling cotton in the parish during the season of 1925–1926, with the right of extension by mutual consent, the operation of which partnership was to be financed and conducted by the plaintiff corporation; and that the partnership was to employ and did employ one C. J. Deville, an active and efficient factor in the cotton business in the parish, to purchase cotton for its account.

We fail to see wherein the contract entered into between the plaintiff corporation and the defendant, and the employment thereunder of Mr. Deville, disclose any agreement to monopolize the cotton business in the parish of Evangeline and to depress the price of the specified commodity in the designated locality. Non constat, there were a number of other persons, firms, and corporations engaged at the time in the same line of business in the parish. And it is certain, as indicated by the present suit, that if the purpose of the contracting parties was as defendant asserts, the purpose utterly failed of accomplishment.

The defense is one which addresses itself to the merits under a special plea, on the trial of which the defendant will have an opportunity of establishing the facts, if he is able to do so, disclosing that the arrangement between the parties was an unlawful combination inimicable to the interests of the public.

For the reasons assigned, the judgment appealed from is annulled, the exception of no cause of action is overruled, and the case is remanded to the district court for further proceedings consistent with the views herein expressed. The costs of this appeal to be paid by the defendant and appellee; all other costs to await the final determination of the suit.