There is no merit in this contention, as we have already shown.

 The contention that the acreage tax is unconstitutional because the consent of the property owners was not secured before its levy is also without merit. The assessment of an acreage tax or forced contribution by levee boards is not within the scope of the limitations in the Constitution on general taxation.

See John Hill et al. v. Fontenot, Sheriff, etc., 46 La. Ann. 1563, 16 So. 475, and the many authorities there cited.

For the reasons assigned the judgment appealed from is affirmed, with all costs.

---

(134 So. 394)

**Mrs. George G. SNOWDEN et al. v. RED RIVER AND BAYOU DES GLAISES LEVEE & DRAINAGE DISTRICT et al. In re J. Ben Gremillion, Tax Collector for Parish of Avoyelles, et al., Applying for Writs of Certiorari and Prohibition.**

No. 30992.

Feb. 2, 1931.

W. E. Couvillon, of Marksville, for relator.

Joffrion & Bordelon, of Marksville, for respondents.

---

OVERTON, J.

In this case the relators seek to set aside an order, granting a suspensive appeal from a judgment rendered. The case involves the same issues as those presented on the motion to dismiss in the case of Mrs. George G. Snowden et al. v. Red River & Bayou Des Glaises Levee & Drainage District et al., ante, p. 447, 134 So. 389, this day decided.

For the reasons assigned in that case, the order under review is affirmed.

O'NIELL, C. J., concurs in the result.

---

(134 So. 394)

**PLANTERS' BANK & TRUST CO. v. SAVANT.**

No. 30933.

Jan. 5, 1931.

On the Merits March 30, 1931.

Rehearing Denied April 27, 1931.

Lawrence B. Sandoz and R. Lee Garland, both of Opelousas, for appellant.

Dubuisson & Burleigh, of Opelousas, for appellee Mrs. Catherine M. Savant.

### On Motion to Dismiss.

ST. PAUL, J.

Defendant granted a mortgage to plaintiff on the McCrory plantation on which he lived for $14,000. Thereafter defendant's wife sued him for a separation of property, and defendant made her a dation in payment of said plantation in reimbursement of her claims against him.

Plaintiff then took foreclosure proceedings against said plantation to collect its mortgage. Whilst the plantation, which consisted of 628 acres, was under seizure and being advertised for sale, defendant's wife intervened in the proceedings and claimed homestead rights on the plantation to the extent of 160 acres under the provision of Const. 1921, art. 11, § 1.

There was judgment in her favor in the court below, recognizing her right to homestead claim, and directing the plantation to be sold in two parcels, one of 160 acres with the house upon it, and the balance separately. This judgment was rendered on July 31, 1930.

The plantation had been advertised for sale August 2, 1930. On that day plaintiff bid it in, in parcels, paying $2,500 for the 160 acres and $1,000 for the rest. The sheriff retained out of the price of the 160 acres the sum of $2,000 which he held as the wife's homestead. Const. 1921, art. 11, § 1. And on August 7th

plaintiff. took a suspensive appeal from the judgment of July 31st.

The wife now moves to 'dismiss the appeal on the ground that plaintiff, by proceeding with said sale and in the manner provided by the judgment of July 31st, did acquiesce therein and cannot appeal therefrom.

We think the motion should be denied. C. P. article 567, declares that a person may not appeal from a judgment if he have acquiesced therein by voluntarily executing the same. But we do not think that a person may be said to acquiesce in a judgment who merely abides by so much of a judgment as is in his favor. Hence it has been held that a party is not prejudiced in his appeal by recording a judgment so far as same was in his favor. Augustin v. Farnsworth, 155 La. 1053, 99 So. 868; Kittredge v. Grau, 158 La. 154, 103 So. 723. Nor can a person be said to acquiesce in a judgment so as to preclude an appeal, when he merely abides by that part of the judgment which cannot prejudice his rights or which he concedes to be correct. Hence a person may appeal from so much of a judgment as is prejudicial to him without complaining of the whole judgment. Liles v. N. O. Canal & Banking Co., 6 Rob. 273. And even execution of so much of the judgment as he does not complain of does not constitute acquiescence in so much thereof as he does appeal from. Milliken v. Rowley, 3 Rob. 253.

In this case plaintiff had no reasonable ground to complain that land on which the intervener might have a homestead should be segregated and sold separately, to the end that the value thereof might be fixed and it might be determined whether or not the intervener, if she had any homestead rights at all, should retain the land or receive the $2,000 in lieu thereof. On the other hand,

plaintiff had a manifest interest in disputing that the intervener had any homestead rights whatever. And we cannot see wherein plaintiff has in any way acquiesced in that feature of the judgment which declares her entitled thereto. Hence we cannot see why plaintiff cannot maintain this appeal.

The motion to dismiss is denied.

### On the Merits.

OVERTON, J.

This litigation was commenced by executory proceedings to foreclose a mortgage, granted on October 9, 1924, by John P. Savant, on McCrory plantation, then the property of Savant, to secure his note for $14,-764.49.

Mrs. Catherine Milburn, wife of John P. Savant, intervened in these proceedings, alleging that, on February 2, 1926, which was after the granting and registry of the mortgage, under foreclosure, and which was following a separation of property between her and her husband, she acquired the property mortgaged, by dation en paiement, from her husband, and that, since the acquisition thereof, she has been in the full possession and administration of the property, residing upon it as the head of the family. She alleges that she is entitled to 160 acres of the property as her homestead, and prays that the acreage so claimed, together with the improvements thereon, be excluded from the foreclosure sale, and, in the alternative, that it be offered for sale separately, and, should a bid be made on it in excess of the $2,000 homestead exemption, granted by the Constitution, then that the price bid, to the extent of $2,000, be paid to her in lieu of the property. The acreage, claimed as a homestead, was

sold separately from the remainder of the plantation, and brought $2,500.

The question presented therefore is whether Mrs. Savant is entitled to $2,000 out of that sum, in preference to the mortgage creditor, as her homestead exemption?

██ Mrs. Savant claims her homestead exemption under the Constitution of 1921. Section 1 of article 11 of that instrument provides that:

"There shall be exempt from seizure and sale by any process whatever except as herein provided, and without registration, the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding one hundred and sixty acres, buildings and appurtenances, whether rural or urban, of every head of a family, or person having a mother or father or a person or persons dependent on him or her for support; * * * to the value of two thousand dollars. * * * "

This section also provides, inter alia, in the fourth paragraph thereof, that: "The benefit of this exemption may be claimed by the surviving spouse, or minor child or children, of a deceased beneficiary."

The homestead exemption, under this section, may be claimed by virtue of one of two titles: First, where the debtor owns the land, in good faith, claimed by him to be exempt, occupies it as a home, and is the head of a family, or has a person dependent on him or her for support; and, secondly, by the surviving spouse, or minor child, of a deceased beneficiary, by the survival of the homestead, acquired by such beneficiary, in favor of such spouse or child.

Where the homestead, acquired by the deceased beneficiary, survives in favor of one of the spouses, it is not necessary that the spouse, in whose favor it survives, should

have any one dependent upon him or her for support, at least, where the surviving spouse does not seek to claim the exemption against his or her own debts, but only against the debts contracted by the deceased beneficiary. Succession of White, 170 La. 403, 127 So. 833.

In this case no question is presented of the survival of a homestead, acquired by a deceased beneficiary, for both the spouses are alive. Therefore the only other method by which Mrs. Savant may claim the homestead exemption successfully is by bona fide ownership of the land, by occupancy thereof as a home, and by being the head of a family or having some one dependent upon her for support. There is no dispute as to her ownership or occupancy of the land. As to her being the head of a family or having some one dependent on her for support, the record clearly discloses that Mrs. Savant's family consists of her husband, a son, and a daughter. The son and the daughter are both majors. The record shows, and, as we appreciate the case, it is conceded, that her son and her daughter are both self-supporting. As to Mrs. Savant's husband, there is nothing whatever in the record to justify the conclusion, if such is intended to be drawn by her, that he is not able either to support himself, and to discharge his obligation of supporting her, or has not done so. If Mrs. Savant intended to take such a position, she should have alleged and established the facts necessary to support it.

In the absence of such proof, we are unable to hold that Mrs. Savant is the head of a family, or that she has some person dependent on her for support. This inability is not overcome by the fact that, under article 119 of the Civil Code, both the husband and wife mutually owe to each other support and assistance, for, under article 120 of the Code,

the husband is obliged to furnish the wife with whatever is required for the convenience of life, in proportion to his means and condition. We are also unable to hold, as urged substantially by Mrs. Savant, that, even though the husband does owe support to the wife, it is a matter of no consequence whether title to the homestead be in the name of the husband or the wife, for, under the plain provisions of section 1 of article 11 of the Constitution, the title to the homestead and the obligation to support, creating the dependency, must occur in the same person.

The trial judge rendered judgment in favor of Mrs. Savant, allowing the homestead exemption, claimed by her. The judgment will have to be reversed.

The judgment appealed from is therefore set aside, and intervener's demand is rejected at her costs in both courts.