On Motion to Dismiss Appeal
 

 ODOM, J.
 

 Plaintiff brought suit against defendants for $5,000, plus interest and attorneys’ fees, less a credit of $725.47, paid on February 28, 1927. It prayed for judgment in solido against defendants for said amount, and that the judgment be made executory and enforceable against certain property. Upon final- trial, there was judgment in favor of plaintiff and against defendants for the sum of $1,748.05, one-half of which, or $874.02, was decreed to be due by Mrs. Angie E. Harrison, and the balance by the other defendants. Further than this, plaintiff’s demands were rejected, and it appealed. Defendants also appealed, but failed to perfect their appeal by executing the required bond.
 

 After the transcript of appeal was -lodged in this court by plaintiff, it proceeded to execute its judgment against Mrs. Angie E. Harrison by having her property seized under a writ of fieri facias.
 

 Whereupon, the defendant Mrs. Harrison filed a motion in this court to dismiss the appeal on the ground that plaintiff had acquiesced in the judgment by voluntarily executing it.
 

 It is unnecessary to here state all the issues raised by plaintiff in its suit against defendants. It suffices to state, for the purposes of the issue raised by this motion to dismiss, that plaintiff did not obtain judgment for the full amount claimed, and that its demand to have the judgment made executory against certain property was rejected. In other words, plaintiff’s demands were rejected in part, and it proceeded -to execute the judgment, in so far as the same was favorable to it.
 

 Article 567 of the Code of Practice provides that:
 

 “The party against whom judgment has been rendered cannot appeal. 1. If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily.”
 

 It will be noted that the above-quoted article of the Code provides that the “party
 
 against
 
 whom judgment has been rendered” cannot appeal if he have “acquiesced in the same, by executing it voluntarily.” (Italics ours.)
 

 In a number of the earlier eases, this.article was construed to mean that, if a plaintiff failed to obtain judgment for the fuE amount sued for, but for an amount less than his demand, he could not maintain an appeal from the judgment in so far as it was unfavorable to him, if he executed it in so far as it was in his favor. It seems to have been considered that a judgment rejecting part of a plaintiff’s demands is to that extent a judgment
 
 against
 
 him, and that the article of the Code cited applies.
 

 In the ease of Campbell v. Orillion, 3 La. Ann. 115, the court’s ruling is concisely stated in the syllabus, which reads as follows:
 

 “Where a plaintiff who had appealed from a judgment rendered in his favor but for a less amount than he claimed, executing a bond with surety for the costs only, subsequently causes a fi. fa. to be issued* against the, defendant, it will be considered a voluntary exe
 
 *553
 
 cution of the judgment and an abandonment of the appeal. C. P. 567.”
 

 In the case of Succession of J. Y. De Egana, 18 La. Ann. 59, the court said:
 

 “It cannot be controverted that, under the laws and jurisprudence of this State, the party who voluntarily executes, either partially or in toto, a judgment rendered for or against him, or who voluntarily acquiesces in or ratifies, either partially or in toto, the execution of that judgment, is not permitted to appeal from it,” citing Code of Practice, art. 567, Williams v. Duel, 14 La: 523; State v. Judge, 4 Rob. 85; Campbell v. Orillion, 3 La. Ann. 115, supra; Fluhart v. Golding, 7 La. Ann. 233; and Landry v. Connely, 4 Rob. 127:
 

 ' In the case of Flowers v. Hughes, 46 La. Ann. 436, 15 So. 14, 15, the court, in the course of its opinion, said:
 

 “It is often the experience that the plaintiff asserting a money demand recovers less than he claims. But, of course, no one sup: poses he could collect the judgment and still maintain his appeal because he claimed a greater amount than that decreed to him.”
 

 The leading case which supports the proposition, that a plaintiff who obtains judgment for less than he demands cannot appeal if he executes the judgment in so far as it is in his favor, is that of Campbell v. Orillion, 3 La. Ann. 115, cited supra. That case is clearly in point. In the other cases cited above, there were other issues involved, and it may be that they could be differentiated from the Campbell Case. But it is clear enough that the court intended to adhere to the rule laid down&in the Campbell Case, and, if there were no other adjudications on the precise point at issue, we should unhesitatingly hold that the appeal in the case at bar should be dismissed.
 

 But there is hopeless and irreconcilable conflict between those cases and several later ones involving the identical question.
 

 In the case of Kittredge et al. v. Grau et al., 158 La. 154, 103 So. 723, 724, decided on motion to dismiss the appeal, June 22, 1922, plaintiffs sued to be decreed the owners of certain shares of stock claimed by defendant, and, in the alternative, prayed for a judgment for the value of the stock. Judgment was rendered in plaintiffs’ favor for $2,860.-50, which was less than the amount demanded, and they appealed. Thereafter, plaintiffs, through their attorneys, recorded the judgment. It seems to have been conceded that the recording of the judgment was a voluntary execution of it. Defendant’ then moved to dismiss the appeal upon the theory that “the recording of the judgment, being, to that extent, an execution of the judgment, was an acquiescence in the decree, or an acknowledgment of its correctness, on the plaintiffs’ part.”
 

 In commenting, the court said that the motion to dismiss was founded upon article 567 of the Code of Practice, and:
 

 “The pláintiffs in this case appealed from the judgment only in so far as it had rejected their demand. The judgment in their favor, for $2,860.50, or the judgment to that extent, is the judgment that they partially executed by having it recorded in the mortgage office. * * * The rule stated in article 567 of the Code of Practice is founded, expressly, upon the theory of acquiescence, or voluntary compliance with the judgment. The recording of the judgment in plaintiffs’ favor was not an acquiescence in the judgment that rejected a part of their demand.”
 

 The motion to dismiss the appeal was overruled. This ruling was clearly against that in the Campbell Case, supra, and the others cited in connection therewith.
 

 
 *555
 
 In the ease of Augustin v. Farnsworth et al., 155 La. 1053, 99 So. 868, 869, plaintiff sued defendants to recover one-half the original cost of constructing a party wall, $2,-46S.25. He obtained judgment for $1,539.51, less than the amount demanded, and appealed. In this case, as in that of Kittredge v. Grau, supra, plaintiff caused a copy of the judgment, to be recorded in the mortgage records. After plaintiff’s appeal was perfected, defendant moved to dismiss it on the ground of acquiescence, invoking the law as set out in Code of Practice, article 567.
 

 The court overruled the motion, saying:
 

 “It does not follow that, because appellant recorded his judgment, he was satisfied with the amount therein awarded to him, and intended to abandon his appeal.”
 

 The ground upon which the court based its ruling was not that the recording of the judgment did not amount to ap execution of it to the extent that it was in his favor, but that, the execution thereof did not, as a matter of law, evince an intention on his part to acquiesce in the judgment, in so far as it rejected part of his demand.
 

 The court further said:
 

 “To execute a judgment voluntarily, as provided in the article of the Code, is to execute with the intention to confirm or ratify. The act from which confirmation or ratification is sought to be deduced must evince such intention clearly and unequivocally. None will be inferred when the act can be otherwise explained,” citing Breaux v. Sarvoie, 39 La. Ann. 243, 1 So. 614; Succession of Easum, 49 La. Ann. 1345, 22 So. 364; and Wells v. Files, 136 La. 133, 66 So. 749.
 

 In the case of Cory v. Askew, 169 La. 479, 125 So. 455, an injured employee sued his employer for compensation at $20 per week for 400 weeks, under the Workmen’s Compensation Act (Act No. 20 of 1914 as amended). He w;as awarded compensation, for five weeks, and appealed. Having executed the judgment and collected the amount awarded him, the appellee moved to dismiss the appeal on the ground of acquiescence, and the court said:
 

 “In the case of Kittredge v. Grau, 158 La. 154, 103 So. 723, this court held that, where a judgment was rendered for the plaintiff for a part of his claim, the recording of the judg-' ment by the plaintiff was not an acquiescence in the- judgment rejecting the balance of the sum sued for. In the case of H. D. Chandler v. Oil Fields Gas Co., Inc., 2 La. App. 778, the motion to dismiss the appeal upon the ground of alleged acquiescence in the judgment was denied on the authority of Kittredge v. Grau, cited supra.”
 

 In Planters’ Bank & Trust Co. v. Savant, 172 La. 464, 134 So. 394, 395, plaintiff sought ”to foreclose a mortgage on a plantation consisting of 62S acres. The wife of defendant intervened, setting up homestead rights on 160 acres of the land, and there was judgment recognizing her rights, ordering the plantation sold in two parcels, one of 160 acres and the house upon it, and the balance separately. Plaintiff bid in both parcels, paying $2,500 for the part claimed by the wife as a homestead; $2,000 of which amount the sheriff retained in his hands subject to the further orders of the court. Subsequently plaintiff appealed suspensively from the judgment recognizing the wife’s homestead rights, and the wife moved to dismiss the appeal on the ground that plaintiff had acquiesced in the judgment by proceeding with the sale. The motion to dismiss was overruled, and, after citing article 567 of the Code of Practice, the court said: °
 

 “But we do not think that a person may be said to acquiesce in a judgment who merely abides by so much of a judgment as is in
 
 *557
 
 liis favor. Hence it has been held that a party is not prejudiced in his appeal by recording a judgment so far as same was in his favor,” citing Kittredge v. Grau, and Augustin v. Farnsworth, supra.
 

 The court further said:
 

 “And even execution of so much of the judgment as he does not complain of does not constitute acquiescence in so much thereof as he does appeal from,” citing Milliken v. Bowley, 3 Rob. 253.
 

 Inasmuch as the earlier cases cited herein (and others) are in conflict with the later cases, they must be considered as overruled.
 

 The motion to dismiss appeal is overruled.