139 So. 765

**BARCELO v. BARCELO.**

No. 31533.

Feb. 1, 1932.

Cobb & Jones, of New Orleans, for appellant.

Buck, Walshe & Buck, of New Orleans, for appellee.

ODOM, J.

Plaintiff, a minor, through her mother as natural tutrix, sued defendant, her paternal grandfather, for support and maintenance under art. 229 of the Civil Code, which provides that relatives in the direct ascending line are bound to maintain their needy descendants. She asked that she be granted $50 per month.

There was judgment in her favor for $15 per month, a sum much less than she sued for.

After the judgment was rendered, the defendant tendered and she accepted $30, being the full amount due under the judgment for two months. She then appealed devolutively to this court. Defendant has moved to dismiss the appeal on the ground of acquiescence.

The issue here involved is identical with that raised and decided in the case of Foster & Glassell Co., Ltd. v. Mrs. Augie E. Harrison et al., 173 La. 550, 138 So. 99, decided November 3, 1931.

We there held that a plaintiff who obtains judgment for an amount less than he claims

may execute the judgment in so far as it is in his favor, and prosecute an appeal to obtain the balance which he claims.

That holding was predicated upon the proposition that the mere fact and that alone of the execution by a plaintiff of a judgment in so far as it is in his favor does not, as a matter of law, evince an intention on his part to acquiesce in the judgment in so far as it rejects part of his demand.

In so holding, we followed the cases of Augustin v. Farnsworth, 155 La. 1053, 99 So. 868; Kittredge v. Grau, 158 La. 154, 103 So. 723; Cory v. Askew, 169 La. 479, 125 So. 455, and Planters' Bank & Trust Co. v. Savant, 172 La. 464, 134 So. 394, and specifically overruled all previous decisions which apparently held to the contrary.

We adhere to our ruling in these cases.

In the case at bar, plaintiff obtained judgment for less than she claimed, and accepted from defendant the amounts awarded her. She did no more. Her acceptance of these amounts does not evince an intention on her part to abide the results of the judgment.

The motion to dismiss the appeal is overruled.