ROGERS, Justice.
 

 The state of Louisiana, through E. A. Conway, supervisor of public accounts, sued W. B. Strother to recover $3,443.85 for taxes due on gasoline, with 20 per cent, penalties and 10 per cent, attorney’s fees. Plaintiff also impleaded, as a solidary debtor up to $2,000 with the defendant Strother, the United States Fidelity & Guaranty Company, the surety on Strother’s two bonds of $1,000 each to secure the payment of gasoline taxes, penalties, and costs. After certain pleas and exceptions had been filed and unsuccessfully urged by the defendant Strother, both de
 
 *357
 
 fendants filed a joint answer and prayed for a trial by jury, which was granted.
 

 The jury returned a verdict for plaintiff for $3,384.58, the amount sued for, costs of suit to be paid equally by plaintiff and defendant. On rendition of the verdict and the presentation of the formal judgment for the trial judge’s signature, the defendant surety company objected thereto, for the reason that it was not condemned by the verdict. The objection was sustained over plaintiff’s protest, and the judgment was entered and signed condemning the defendant Strother on plaintiff’s main demand, but without penalties and attorney fees, and rejecting plaintiff’s demand against the defendant surety company.
 

 Plaintiff appealed to the Court of Appeal from that part of the judgment which rejected its demand against the surety company, and the defendant Strother appealed devolutively to this court from the judgment rendered against him. Subsequently plaintiff’s appeal to the Court of Appeal was transferred to this court, and an answer praying for an amendment of the judgment was filed by plaintiff to Strother’s appeal.
 

 While its appeal was pending in the Court of Appeal, plaintiff caused execution to issue on the judgment against the defendant Strother aild realized $283.55 from the sale of Strother’s property in Bossier parish.
 

 By agreement of the parties, the appeals were ordered consolidated, to be heard and decided on the record filed herein.
 

 Defendants filed a motion in this court to dismiss plaintiff’s appeal, also its answer to Strother’s appeal, on the ground of acquiescence in the judgment, from which both appeals were taken. Defendant Strother also filed a plea of payment of $283.55 to be credited on the amount of $497.80 which he admits to be due plaintiff.
 

 In view of the decisions in Foster & Glassell Co. v. Harrison, 173 La. 550, 138 So. 99, and Barcelo v. Barcelo, 174 La. 81, 139 So. 765, defendants have abandoned their motion to dismiss plaintiff’s appeal. And the defendant Strother has not pressed his motion to dissolve the attachment obtained in limine by plaintiff to enforce its demand.
 

 On the merits, the question to be determined is whether W. B. Strother and his surety, up to the amount guaranteed, are liable for the gasoline tax demanded by plaintiff.
 

 The defendant W. B. Strother, of the city of Shreveport, operating, as a dealer in gasoline and motor fuel, under the trade-name of Strother Oil & Gas Company, imported im to this state for sale, use, or consumption therein a total of 364,194 gallons of gasoline between May 5, 1931, and December 31, 1931.
 

 The importations in question were entitled to, and were credited with a deduction of 3 per cent, to cover “losses in handling such motor fuel,” as provided by law, which deduction amounted to 10,926 gallons, leaving 353,-268 gallons as subject to the tax of 5 cents per gallon; namely, $17,663.40.
 

 The defendant Strother at various times paid taxes on the gasoline; his total payments for that purpose amounting to $14,-219.55. The difference between the $14,219.'-55 paid by Strother and the $17,663.40 chargeable against the net taxable balance of the
 
 *359
 
 gasoline imported by him, amounting to $3,-443.85, is the amount herein demanded by the state as delinquent taxes, together with penalties and attorney’s fees for the delinquency.
 

 Plaintiff’s suit is based on certain revenue statutes authorizing the levy of a tax on gasoline sold, used, or consumed in this state. These statutes are Act No. 6 of the Extra Session of 1928, as amended by Act No. 8 of 1930 and by Act No. 16 of 1932, and Act No. 1 of the Extra Session of 1930. Under their provisions, a cumulative tax of 5 cents per gallon is levied “on all gasoline, or motor fuel, sold, used or consumed in the State of Louisiana for domestic consumption. * ' • * ” See section 1, Act No. 6 of 1928, as amended, and section 1, Act No. 1 of 1930 (Ex. Sess.).
 

 The tax is collectible from dealers, and included in the statutory definition of dealers is the “person, firm, corporation or association of persons who imports such gasoline or motor fuel from any other State or foreign country for distribution, sale, or use in the State of Louisiana. *
 
 *
 
 * ” See section 2 of the statutes hereinabove mentioned.
 

 Section 1 of Act No. 8 of 1930, amending section 4 of Act No. 6 of the Extra Session of 1928,. and section 4 of Act No. 1 of the Extra Session of 1930, provide that any dealer in gasoline or motor fuel may furnish bond guaranteeing the payment of the tax thereon, in which event the dealer furnishing the bond shall be required to pay the tax at the time of making the required reports to the supervisor of public accounts only on such gasoline or motor fuel actually sold, used, or consumed in the state during the period for which the reports are made.
 

 The primary defense urged i's that under the pleadings the purpose of plaintiff’s suit is to collect taxes on gasoline imported into the state, without regard to its sale, use, or consumption, where the defendant dealer has furnished bond guaranteeing the payment of such taxes.
 

 Under the contention there is no allegation in plaintiff’s petition that the gasoline on which the tax is sought to be collected was sold, used, or consumed in the state, defendants, on the trial of the case, objected to the admission of .evidence for any other purpose than to prove the quantity
 
 of
 
 gasoline imported into the state. The objection was sustained at first, but later, over defendants’ objection, plaintiff was permitted to prove that gasoline was imported and sold in the state by the defendant Strother.
 

 There was no error committed by the trial judge. We think plaintiff’s petition construed as a whole fairly shows that its claim for delinquent taxes is based on the sale, use, or consumption by defendant Strother of the entire amount of gasoline imported by him into this state between May 5, 1931, and De cember 31, 1931. Thus, in article 4 of the petition, plaintiff alleges that the defendant Strother is a dealer of gasoline or motor fuel as defined in the pertinent statutes, and that he imports from without the state gasoline or motor fuel for distribution, sale, or use within the state. In article 10 of the petition, plaintiff sets forth the number of gallons of gasoline or motor fuel imported into the state by the defendant Strother and the
 
 *361
 
 net taxable balance thereof after the allowance of the statutory 3 per cent, deduction for leakage and spillage. And attached to the petition as part thereof is, an itemized “Statement of gasoline or motor fuel imported and sold in the State of Louisiana by W. B. Strother and amount of taxes due thereon, and amount paid thereon.” This statement covers the period from May 5, 1931, to December 31, 1931, and the amount set forth thereon as due for delinquent taxes is $3,443.-85, which is the exact amount claimed by plaintiff in this suit.
 

 The secondary defense urged is that, having reported all his sales and paid the taxes thereon, defendant Strother has fulfilled the obligation imposed on him by law, and the burden is on the state to prove there is a deficiency between the amount of gasoline imported and the amount of gasoline reported as sold, used, or consumed in the state; that, failing to sustain the burden of proof, the state cannot recover the amount claimed in this suit.
 

 But the law expressly establishes the presumption that all imported gasoline or motor fuel is brought into the state for sale, use, or consumption therein, and this prima facie presumption remains until removed by satisfactory proof to the contrary furnished by the importer to the supervisor of public accounts. Thus, section 6 of Act No. 6 Extra Session of 1928, as amended by section 2 of Act No. 8 of 1930, and section 6 of Act No. 1 Extra Session of 1930 provide as follows, viz.:
 

 “For the purpose of the enforcement of this Article and the collection of the tax levied hereunder, it is presumed that all gasoline * * * or * * * motor fuel * * * imported into this State or held in this State, by any dealer, is to be sold, used or consumed within this State and is subject to the tax herein levied; provided that such presump.tion shall be prima facie only and subject to proof furnished to Supervisor of Public Accounts.”
 

 It is not disputed that the defendant Strother imported into the state 353,268 gallons of gasoline which were subject to taxation. Hence the state has clearly presented a prima facie case against defendant for the taxes due on the gasoline, unless defendant has rebutted the presumption of liability by satisfactory proof furnished the supervisor of public accounts. But defendant has failed to furnish such proof, and he has also failed to establish on the trial of this case his 'nonliability for the taxes herein demanded.
 

 In his report for the month of July, 1931, defendant arbitrarily deducted from the importations for that month 2,993 gallons of gasoline on “account leak in gas pipe connections.” In his report for August, 1931, defendant, in addition to the statutory allowance of 3 per cent., claimed a deduction of 1,265 gallons “for leakage and shrinkage.” And in his report for October, 1931, defendant, in addition to the 3 per cent, statutory allowance, claimed a deduction of 1,192 gallons on account of “error in tank wagon guage.” Notwithstanding all these claims for deductions were promptly rejected by the supervisor of public accounts, defendant made no attempt to establish their correctness.
 

 It appears from the record the defendant Strother, in his monthly reports to the super
 
 *363
 
 visor of public accounts, made further deductions for gasoline claimed to be lost in various ways, but he made no claim for the deductions, because he considered it was no use to do so.
 

 B.ut, on the trial of this case, defendant made no attempt whatever to prove his losses in gasoline from leakage, spillage, or other causes. Nor did he attempt to show how much of the imported gasoline he had in his possession, thus indicating he had sold or disposed of the entire amount of gasoline imported by him between May 5, 1931, and December 31, 1931. And defendant expressly-admitted he had made only a partial payment for November, 1931, and no payment at all' for December, 1931, on account of the taxes due by him for those months.
 

 Our conclusion is, that the defendant Strother is liable for the taxes herein sued for. This being so, defendant occupies the position of a delinquent tax debtor, and, as such, is amenable to the penalties prescribed by- law — 20 per cent, on the amount of the tax and 10 per cent, on both tax and penalties. Section 8 of Act No. 6' of Extra Session of 1928, as amended by section 3 of Act No. 8: of 1930, and section 8 of Act No. 1 Extra Session of 1930.' As a further result of the conclusion which we have reached, the defendant United States Fidelity & Guaranty Company, the surety on the bonds of the defendant Strother, must be held solidarity liable with its principal up to $2,000, the amount of the bonds.
 

 We are unable to consider the plea of payment filed by the defendant Strother, since new evidence cannot be introduced in this court. Code Prac. arts. 894, 895; Merchants’ & Farmers’ Bank & T. Co. v. Hammond Motors Co., 161 La. 288, 108 So. 485; Klopstock & Co. v. United Fruit Co., 171 La. 296, 131 So. 25. However, on any future execution of the judgment against him, defendant will be clearly entitled to a credit for the amount realized from the prior execution.
 

 For the reasons assigned, it is ordered that the judgment herein appealed from be annulled so far as it rejects plaintiff’s demand for penalties and attorney’s fees and so far as it condemns plaintiff to pay costs. It is further ordered that the said judgment he amended in plaintiff’s favor so- as to condemn the defendant W. B. Strother to pay the statutory penalty of 20 per cent, of the principal amount sued for and 10 per cent, on said amount and penalty as attorney’s fees. It is further ordered that there be judgment in plaintiff’s favor against the defendant United States Fidelity & Guaranty Company in soli-, do with its codefendant W. B. Strother, in the sum of $2,000; all costs of suit to be paid in equal proportions by the defendants W. B. Strother and United States Fidelity & Guaranty Company. And, as thus amended, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., and ST. PAUL, J., absent.