the award made by the jury is manifestly erroneous.

■ Counsel for the defendants lay stress on a statement made by the trial court in sustaining an objection to evidence offered by the defendants as to the cost of construction of a lateral road. In sustaining the objection the trial court in its ruling stated that the plaintiff could not be held for damages for the construction of lateral roads and that the plaintiff could only be held for the actual cost of the lands expropriated. From a reading of the record in this case it is apparent that this was an inadvertent statement on the part of the trial judge and that no effect was given to it. The defendants were permitted by the trial court without any restriction to introduce testimony in support of the claim for damages urged on this appeal. The trial judge did not reduce his charge to the jury to writing but the record reflects certain discussions between counsel showing that a considerable portion of the charge consisted of special charges given at the request of the defendants. No contention was made or objection raised that would in any way indicate that the trial judge did not give a proper charge. At the time the award was made the only objection urged was to the effect that it did not provide for the cost to be paid by the plaintiff. Counsel for the plaintiff conceded at that time that the plaintiff should pay the cost.

After carefully reviewing the record in this case, we do not feel that we would be warranted in remanding the case or to increase the award for the reason that we cannot say that the award made by the jury of freeholders and the judgment of the lower court are manifestly erroneous.

For the reasons assigned, the judgment is affirmed at appellants' cost.

**3 So.2d 532**

### STAFFORD'S ESTATE v. PROGRESSIVE NAT. FARM LOAN ASS'N.

**No. 34172.**

**June 30, 1941.**

Rownd & Tycer, of Hammond, for plaintiff and appellant.

Harold Moses and E. F. Steiner, both of New Orleans, for defendant and appellee.

PONDER, Justice.

Mrs. E. M. Stafford, administratrix of the succession of Ethelred M. Stafford, brought this suit against the Progressive National Farm Loan Association of Ponchatoula, Louisiana, seeking to recover on a note calling for $2,151.67, dated August 12, 1931, payable to the order of the defendant and by it indorsed, payable twelve

months after date, bearing interest at the rate of eight per cent from date until paid and calling for 10 per cent on principal and interest as attorney's fees. It is alleged in the petition that petitioner is the holder and owner of the note for valuable consideration before maturity. The defendant answered the suit in the form of a general denial. Thereafter the defendant interposed exceptions of no right or cause of action on the grounds that the association under the Federal Farm Loan Act, 12 U.S.C.A. § 641 et seq., was without authority to borrow money except as provided in the Act and that the association under the Act did not have power to execute the note sued on. The defendant supplemented its answer by averring that the note was void for the reason that the defendant nor its board of directors had authority under the Act to execute the note and specially denied that the plaintiff was the holder and owner, for valuable consideration, before maturity. Thereafter the exceptions of no right or cause of action were submitted; the lower court sustained the exceptions and dismissed the plaintiff's suit. The plaintiff has appealed.

During the pendency of the appeal and prior to a hearing thereon, William Chester Cooper, through his counsel, filed in this Court a motion asking to be substituted as party plaintiff herein. Attached to the motion is the affidavit of William Chester Cooper to the effect that he was formerly the secretary-treasurer of the defendant association; that he served as such for a period of about three years and eight months; that his salary as such was not paid when it became due but was allowed

to accumulate until the unpaid balance had reached the sum of $2,151.67; that on August 12, 1931, the association was without funds to pay his salary but in evidence of the indebtedness and in an effort to pay and satisfy it the association gave him a promissory note for the amount due him; that the note was not paid at maturity and he placed it in the hands of E. M. Stafford, deceased, an attorney for collection; that shortly after E. M. Stafford died his administratrix, having found the note in the papers of the deceased, entered suit on the note believing it to be the property of the deceased E. M. Stafford; that the suit was dismissed on exceptions of no right or cause of action; that affiant, after learning of this fact, produced a receipt for the note signed by E. M. Stafford, deceased, and presented it to the administratrix of the succession; that thereupon the administratrix secured an order of court authorizing her to transfer and assign the note to affiant; that judgment of the District Court sustaining the exceptions of no right or cause of action has been appealed to the Supreme Court of Louisiana; that the transfer assignment and subrogation by the administratrix of the note to affiant authorizes him to be made party plaintiff to the suit and that affiant desires to be substituted as party plaintiff in the cause.

Also attached to the motion are the following documents, viz.: (1) Copy of the receipt of note for collection signed by E. M. Stafford; (2) copy of order of court authorizing the administratrix of the succession of E. M. Stafford to transfer all right and interest in the note to W. C. Cooper; (3) act of transfer, assignment and subrogation executed by Mrs. E. M. Stafford, administratrix of the succession of E. M. Stafford, to W. C. Cooper.

On January 31, 1941, this Court executed an order substituting William Chester Cooper as party plaintiff in this cause, with full subrogation of all rights in the premises, and particularly to continue the prosecution of the appeal. On March 20, 1941, W. C. Cooper, the substituted plaintiff-appellant, through his counsel, moved to remand the case in order that the substituted plaintiff might be permitted to assert his rights in the premises and introduce evidence in support of his demand. The motion to remand was submitted at the time this cause came up for hearing on the appeal.

Counsel for the appellant contends that the exceptions were sustained by the lower court on the ground that the association did not have authority under the Farm Loan Act to borrow money and execute a promissory note therefor, and that since it has developed that the note is the property of the substituted plaintiff, to whom it was given for the salary due him, the ruling of the trial court on the exceptions would not be applicable to the true situation as it now exists. Counsel suggests that in view of the situation as it now exists the case should be remanded in the interest of justice in order that the true situation may be established.

Counsel for the defendant-appellee contends that it is not necessary to remand the case for the reason that the association

under the Farm Loan Act is without authority to execute a note for any purpose.

■ Cooper's motion to be substituted as a party plaintiff in this case, the affidavits and other documents attached thereto show that this suit was instituted by the administratrix of the succession who at that time was under the impression that the note was the property of the succession and acquired before maturity for valuable consideration. The administratrix, upon learning that the note was the property of Cooper, took the necessary steps and transferred the note to Cooper, the owner of it. Cooper claims that the note was not given for borrowed money but was given to him by the association for the salary due him. Upon this showing this Court permitted Cooper to be substituted as the party plaintiff in this case. Cooper has moved to remand the case in order that he might be afforded an opportunity to establish the true situation. Owing to the circumstances in this case we are of the opinion the case should be remanded.

In the case of Klopstock & Co. v. United Fruit Co., 171 La. 296, 131 So. 25, 27, it is stated:

"New evidence may not be introduced in this court. Code Prac., arts. 894, 895. Therefore the court may not consider, on this appeal, the new evidence offered. Plaintiff, anticipating the possibility of such a ruling, has asked in his brief that, in the event our conclusion be adverse to it, the case be remanded. We may remand the case, in the furtherance of justice, to afford an opportunity to establish the true situation. Gleason & McManus v. Sheriff, 20 La.Ann. 266; State ex rel. Nelson v. Police Jury, 32 La.Ann. 884; State ex rel. Ranger v. City of New Orleans, 34 La. Ann. 202; Code Prac. art. 906."

■ While the circumstances of this case warrants the overruling of the exceptions and the remanding of the case in the furtherance of justice in order that the true situation may be established, yet, as a matter of fact, the exceptions were not well founded in the first instance for the reason that the grounds upon which they are based are matters which should be raised by way of special defense to be determined when the merits are inquired into. The exceptions are based on the grounds that the association was without authority to borrow money and to execute the note involved herein. The ultra vires acts complained of are matters which should be raised by way of special defense. Barnett Co. v. Ludeau, 171 La. 21, 129 So. 655.

For the reasons assigned the exceptions are overruled and the case is remanded to the lower court for further proceedings according to law. The cost of this appeal is to be paid by the appellant and the remaining cost to abide the final decision of this case.