HIGGINS, Justice.
 

 The Administrator of Veterans’ Affairs filed a proceeding against the mother of the minor, William Woods Schumpert, to have her removed as his natural tutrix for alleged incompetency and mismanagement of his financial affairs. The trial court declined to remove the tutrix from her fiduciary capacity and the plaintiff appealed.
 

 The defendant filed a motion to have the case remanded, in order that she might inT troduce evidence to show that her minor son has received much greater advantages and benefits from her than the original amount of the minor’s funds, with interest thereon, could have purchased; that the investments which she made of the minor’s funds with the undertutor’s approval proved to be sound and secure; that the funds were prudently and carefully managed and conserved; and that she has the capacity and ability to continue to faithfully serve as his natural tutrix.
 

 The plaintiff opposed the motion to remand the case on the ground that the record was sufficiently made up to pass upon the issues presented by the pleadings.
 

 It appears that the minor was a nine months old infant when his father died on June 25, 1925. The mother and the maternal grandfather were appointed as his natural tutrix and undertutor, respectively, on June 17, 1926. Since the death of his father, the minor has lived with his mother and his maternal grandparents and uncle. The present suit was instituted on May 16, 1935, tried on December 5, 1935, and decided by the district court on June 17, 1936. The transcript was lodged in this Court on July 20, 1937.
 

 The charge against the mother is that she wrongfully and irregularly administered the minor’s funds and that her mismanagement thereof proves her incapacity to properly represent the minor’s estate consisting of $8,478.54 realized from his father’s War Risk Insurance.
 

 In the motion to remand, we are assured that evidence, which has come into existence since the date of the original trial and judgment, will show that the foresight and judgment of the tutrix in making the investments proved to be good and that the minor has in no way sustained any loss as a result thereof. It is also stated that it can be shown that the alleged irregularity charged in the making of the investments has proved inconsequential and without any resultant loss or damage to the minor’s interest; and that the natural tutrix acted in good faith and to the best of her knowledge and ability.
 

 In view of all the above circumstances, and in order to have a more complete rec
 
 *372
 
 ord of the tutrix’s administration of the funds of the tutorship, it is our opinion that the case should be remanded to the district court to receive the additional evidence proposed to be introduced as stated in the motion to remand. See Article 906, Code of Practice; Rhodes v. Cooper et al., 113 La. 600, 37 So. 527; Willis et al. v. Berry et al., 104 La. 114, 28 So. 888; Scott v. Scott, 197 La. 726, 2 So.2d 193.
 

 For these reasons the judgment appealed from is set aside and the case is ordered remanded to the district court for the purpose,of taking additional evidence to show the present status of the tutorship funds and the management thereof by the tutrix during the time which has elapsed since this case was tried in the district court; all costs of court to await the final disposition of the case.