**23 So.2d 104**

**LOPEZ v. LOPEZ.**

**No. 37752.**

June 29, 1945.

James G. Schillin, of New Orleans, for appellant.

Solomon S. Goldman, of New Orleans, for appellee.

PONDER, Justice.

The plaintiff, Mrs. Celine Alleman Lopez, appeals from a judgment dismissing her suit for separation from bed and board. Her suit was dismissed by the Civil District Court for the Parish of Orleans on a plea to its jurisdiction based on the ground that the domicile of the defendant was in the Parish of East Baton Rouge.

After the appeal in this case was argued and submitted for decision in this Court, the attorney representing the plaintiff appellant moved to remand the case in order

to introduce new evidence to establish the true situation. Attached to the motion to remand is a certified copy of a suit for divorce brought by the defendant against the plaintiff herein in the Chancery Court in Union County, State of Arkansas, wherein the defendant alleges that he is a resident of Union County, Arkansas, and has been for more than ninety days prior to the filing of the suit. The copy of the petition filed in the Arkansas court is duly authenticated under the acts of Congress.

Counsel for the defendant opposes the motion to remand on the ground that the lower court was without jurisdiction at the time the suit was tried, and the subsequent acquisition of a new domicile in Arkansas by the defendant could not vest the trial court with jurisdiction at this stage of the proceedings.

In view of the fact that the defendant herein does not allege in his petition filed in the State of Arkansas the definite time he became a resident of that state, we are not prepared to state whether he is a bona fide resident of Arkansas, or, if so, when he became such a resident.

■ This Court cannot receive original evidence nor consider documents not introduced in the trial court. Paul Klopstock & Co., Inc. v. United Fruit Co., 171 La. 296, 131 So. 25; State v. Strother, 179 La. 354, 154 So. 22; Stafford's Estate v. Progressive Nat. Farm Ass'n, 198 La. 122, 3 So.2d 532; Articles 894 and 895 of the Code of Practice.

■ As the case now stands, the true situation is not presented, and the case should be remanded in the furtherance of justice and the avoidance of a multiplicity of suits. Rhodes v. Cooper, 113 La. 600, 37 So. 527; Mayer v. Barrow, 182 La. 983, 162 So. 748; Drehr v. Guaranty Bond & Finance Co., 184 La. 197, 165 So. 711; Hines v. Schumpert, 199 La. 740, 7 So.2d 39; Article 906, Code of Practice.

For the reasons assigned, the judgment of the trial court is set aside, and the case is remanded in order that the parties to the litigation may have an opportunity to introduce evidence to show the true situation. All costs to await the final disposition of the suit.

O'NIELL, C. J., is of the opinion that the judgment should be affirmed.