No. 4199

Second Circuit

(Second Division)

DUKE v. FORD, BACON & DAVIS, INC.

(January 14, 1932.   Opinion and Decree.)
(February 16, 1932.   Rehearing Refused.)

Argued before DREW, TALIAFERRO and CULPEPPER, JJ.

Harry V. Booth, of Shreveport, attorney for plaintiff, appellant.

Wilkinson, Lewis & Wilkinson and Edward S. Klein, of Shreveport, attorneys for defendant, appellee.

CULPEPPER, J.   Plaintiff brought this suit under Act No. 150 of 1920, to recover the sum of $10.50 for the half of the day of March 25 and the whole of March 26, 1931, which he alleges he actually worked as an employee of defendant, at $7 per day.   Plaintiff also sues for the additional sum of $7 per day for each day after March 26, 1931, until defendant shall pay or tenders payment of "the full amount due your petitioner on the date of such payment or tender."   This additional sum sued for is claimed as penalties under the act referred to, upon the alleged ground that plaintiff was employed by defendant as "cat driver" or driver of a caterpillar tractor, at a wage of $7 per day, beginning the afternoon of March 25th and working that afternoon, the next day, and on the morning of the 27th he was discharged.   He

alleges he made demand on his employer immediately after being discharged, for "all moneys due him," but was refused, and that he made the same demand at defendant's office, and was refused, and again on March 30th and on April 1st, and was refused; and that he appeared at defendant's office on April 2d and again made demand and was on that occasion tendered the sum of $4.25 in full payment, which he refused. Plaintiff states in his testimony that he refused to accept the amount offered him for the reason that the amount was not correct, as he was entitled to one and a half day's work at $7 per day.

Defendant, in answer, denied plaintiff was employed at $7 per day, but averred the wage was to be 25 cents an hour, which, at ten hours a day, would amount to only $2.50.

Upon the trial of the case the lower court found the wages to be at $2.50 per day, as claimed by defendant, and accordingly gave judgment for $4.25 to cover for the one day and a half. The court also gave judgment for the additional sum of $2.25 per day, as penalties, for (quoting) "a period of six days, namely, from March 27th to March 31st, 1931, inclusive."

Defendant appealed both devolutively and suspensively, and plaintiff appealed devolutively, from the judgment.

Defendant attacked the constitutionality of the act in the lower court, which was overruled by the court, and same has been made before this court.

While the testimony is conflicting upon the disputed question of the character of the employment and rate of wages, the judge of the lower court, who saw and heard the witnesses testify, came to the conclusion that defendant's contention in that respect was correct. We are inclined to think the judge's findings correct. At any rate, we cannot say he was in error. Plaintiff and one other witness testified that the wages agreed upon between plaintiff and Mr. Bibbs, superintendent who employed him, was $7 a day and the work to be done was driving a caterpillar tractor. Mr. Bibbs and one other witness, R. E. Thorpe, testified that plaintiff was not employed as a caterpillar tractor driver, which carried a wage of $7 a day, but was employed as a common laborer to assist the crew of hands then engaged in unloading some tractors, wagons, and other equipment for use in some construction work which defendant company was getting ready to perform in that vicinity. In view of the fact that Bibbs was at the time engaged in unloading the equipment from the railroad cars in which they were shipped to this point, and it was not his intention to begin using the tractors for several days, and the further fact that Bibbs already had a man, Mr. Pippin, to drive the tractors out of the cars in the work of unloading, and did not need another driver at the time, as well as other circumstances testified to, we think render it more probable that Bibbs did not employ plaintiff at the time as a tractor driver. Plaintiff did not engage in driving a tractor, but engaged in helping to unload the various equipment and devoted his time to that work as long as he did work. The rate of pay for that class of work was 25 cents an hour, and at ten hours to the day made the daily wage $2.50.

According to plaintiff's own allegation, and his testimony, when he demanded payment for his time he made the demand for pay at the rate of $7 a day, when the fact was, as found by the court, that he was not entitled to but $2.50 per day. This being true, defendant was within its rights in refusing to pay the amount demanded. Since the statute must be construed strict-

ly, in cases where the employee demands pay at a higher wage than is due him under the contract of employment, the case, we think, is not one coming within its provisions. The fact that defendant finally offered, after repeated similar demands, to pay plaintiff the actual and correct amount due and plaintiff refused to accept same, still would not subject defendant, under the circumstances, to the payment of the penalties during the time from the first demand to the time of the tender. The fact that plaintiff refused the tender shows that there was a dispute between the parties as to the correct amount due. Certainly no penalties would attach after the tender, when there was a dispute between the parties as to the amount of wages due, and in which defendant was found to be correct upon the trial of that issue. Whitehead v. E. J. Deas Co., 9 La. App. 47, 118 So. 856; Neeley v. Magnolia Gas Co., 15 La. App. 224, 131 So. 589.

Since our conclusion is that the case is not one coming under the statute, it is unnecessary that we pass upon the constitutionality of the statute.

Defendant reconvened for judgment against plaintiff for $150 as alleged damages to one of its tractors which it is claimed was caused by the negligence of plaintiff. The court apparently rejected the demand, and we think correctly so, as the testimony is wholly insufficient to warrant any recovery.

In view of the reasons above expressed, the judgment appealed from is affirmed as to the sum of $4.25 allowed to cover for the one and a half days worked, and as to the remaining sums awarded to cover penalties, same is reversed; defendant to pay costs of the lower court, and plaintiff the costs of appeal.