269 So.2d 266 (1972)
Donna W. YOUNG, Plaintiff and Appellant,
v.
WHITE STORES, INC., Defendant and Appellee.
No. 3990.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1972.
Rehearing Denied December 6, 1972.
*267 Raleigh Newman, Lake Charles, for plaintiff and appellant.
Bass & Lawes, by Fred C. Selby, Lake Charles, for defendant and appellee.
Before FRUGÉ, CULPEPPER and DOMENGEAUX, JJ.
CULPEPPER, Judge.
Plaintiff, Donna W. Young, was working as a sales girl for defendant, White Stores, Inc. She was discharged and immediately made demand for all wages due her. When the employer failed to pay the wages within 24 hours after such discharge and demand, plaintiff filed this suit under LSA-R.S. 23:631-632 for the wages due plus penalties and attorney's fees. After this suit was filed, the wages were paid. The district judge held that plaintiff's acceptance and cashing of the checks, without any reservation, estopped her from claiming penalties and attorney's fees. From a judgment dismissing her suit, plaintiff appealed.
The facts show that White Stores, Inc. opened a new store in Lake Charles, Louisiana, on December 6, 1971. Plaintiff was employed as a sales girl and worked until the day of her discharge on December 18, 1971. That same day she made demand on Mr. Owens, the manager of the store, for whatever wages or commissions were due her. The manager informed her that it would be necessary for the home office in Wichita Falls, Texas to calculate the amount due her and forward the checks to Lake Charles.
After the date of her discharge, plaintiff made additional demands for her wages *268 and then filed this suit on December 22, 1971. One check in the sum of $194.75 arrived on December 23, 1971 and another in the amount of $54.67 arrived on December 24, 1971. The manager testified he telephoned the number which plaintiff had left with him, advising of the arrival of the checks, and plaintiff picked up these two checks on December 29, 1971.
A third check in the sum of $39.96, representing the balance of commissions due plaintiff, was received by the Lake Charles store on December 29, 1971. The manager testified that being unable to contact plaintiff by phone, he advised her through a friend of the arrival of this third check, which plaintiff picked up on January 10, 1972.
Finally, an audit by the Wichita Falls office showed an error in computing the first check, as a result of which an additional check in the sum of $36.27 was mailed to the Lake Charles office on January 19, 1972. Plaintiff picked up this last check on January 31, 1972.
There was never any dispute as to the amount of wages or commissions due to plaintiff. She simply demanded whatever amount was due and did not question the computations. When she received the checks, she cashed them without any reservation of her right to demand penalties and attorney's fees in the suit which she had filed.
In holding that the cashing of the checks without reservation estopped plaintiff from claiming penalties or attorney's fees, the district judge relied on Hendrix v. Delta Air Lines, Inc., 234 So.2d 93 (4th Cir. 1970) writ of certiorari refused, 256 La. 364, 236 So.2d 498 (1970), for the reason: "The judgment is correct." In that case plaintiff was discharged from his job in New Orleans and demanded his wages on August 13, 1968. He was told it would take 7 to 10 days for the payroll office in Atlanta to mail the check. On August 23 the check actually arrived in New Orleans, but no one advised plaintiff. He filed suit on August 26 and received the check either that day or the next. The opinion states that "with consent of defendant's counsel the check was cashed by plaintiff without prejudice to this suit's further demand for penalty wages and attorney's fees."
In Hendrix, the defendant employer argued that its own internal rules and procedure for paying terminated employees by check from Atlanta within 7 to 10 days after discharge was reasonable and should excuse compliance with the statute requiring payment within 24 hours. Defendant cited cases holding that penalty statutes are strictly construed and that equitable defenses are permissible against the penalties provided by the statute. Rejecting this argument, the court held:
"The statute requires such payment. That defendant's policies will never allow compliance with the statute cannot be considered an equitable defense. It is a second preemption defense which is invalid because company rules do not outrank or invalidate state law."
Although it is true that in Hendrix plaintiff cashed his check with a reservation of his right to seek penalties and attorney's fees, we cannot agree with the district judge that Hendrix is authority for the proposition that the cashing of a check without reservation estops an employee from claiming penalties or attorney's fees. Estoppel was not an issue in Hendrix and was not mentioned in the court's opinion.
Defendant also relies on Clevy v. O'Meara, 236 La. 640, 108 So.2d 538 (1959). In that case there was a dispute as to the amount of wages owed plaintiff at the time of his discharge. Plaintiff claimed a full day's wages. Defendant contended he had worked only about one-half day. The district court awarded plaintiff wages for 6½ hours but rejected his demands for penalties and attorney's fees. A divided Supreme Court held that since there was a dispute as to the amount of wages due, and defendant acted in good faith on the basis of reasonable evidence *269 that plaintiff had not worked but one-half day, equity demanded the rejection of plaintiff's claims for penalties and attorney's fees. In a statement which is apparently dicta, the court further observed that since there was a dispute as to the amount of wages due "and in view of plaintiffs' accepting the above-mentioned checks and retaining the proceeds thereof, knowing at the time that the payments were for amounts less than those demanded, it might well be seriously contended that the doctrine of accord and satisfaction is applicable here and, hence, prevents a claiming of any additional wages with penalties and attorneys' fees." Then follows a citation of cases generally dealing with accord and satisfaction.
Under Clevy v. O'Meara, defendant argues that estoppel by accord and satisfaction applies in the present case. This contention has no merit. Under our jurisprudence which has adopted the common law concept of accord and satisfaction, three factors must be present for its application: (1) an unliquidated or disputed claim, (2) a tender by the debtor and (3) an acceptance of the tender by the creditor. See Pontchartrain Park Homes, Inc. v. Sewerage & Water Board of New Orleans, 246 La. 893, 168 So.2d 595 (1964); Davis-Wood Lumber Company v. Farnsworth & Company, 171 So. 622 (Orl.La. App.1937); and Antoine v. Elder Realty Company, 255 So.2d 625 (3rd Cir. La. App.1971). In the present case there was no unliquidated or disputed claim. Plaintiff raised no question as to the amount of wages or commissions due her and it was not disputed that these wages were due. By cashing the checks, plaintiff did not accept a tendered settlement of a disputed claim. Hence, estoppel by accord and satisfaction has no application here.
Defendant's final argument is general equity. It says it acted in good faith, did not deliberately delay the payments to plaintiff and obtained the checks from the home office in Wichita Falls, Texas as soon as practicable under its procedures for payment of wages to discharged employees. We think Hendrix v. Delta Air Lines, Inc., supra, correctly answers his argument where the court says "company rules do not outrank or invalidate state law."
We conclude plaintiff is entitled to the penalty wages and attorney's fees provided by LSA-R.S. 23:632 as follows:
"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day's wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorneys' fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation."
Plaintiff's wages were $84.50 for a 5-day week or the sum of $16.90 per day. In her brief filed in this court, she argues that she should receive $16.90 per day from the date of her discharge on December 18, 1971 through January 10, 1972, the date upon which her back wages were paid. We think the amount she requests is fully justified. Under this conclusion, she is entitled to 23 days wages at $16.90 or a total of $388.70.
In addition, she is entitled to a reasonable attorney's fee of $500 for the prosecution of this case in the trial and appellate courts.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that *270 there be judgment herein in favor of the plaintiff, Donna W. Young, and against the defendant, White Stores, Inc., for the sum of $388.70 in penalty wages, plus the sum of $500 for attorney's fees, or a total of $888.70, together with legal interest thereon from date of judicial demand until paid, and all costs of these proceedings. All costs of this appeal are assessed against the defendant appellee.
Reversed and rendered.