323 So.2d 178 (1975)
Charles Renard McCASKILL, Plaintiff-Appellee,
v.
DEVINEY CONSTRUCTION COMPANY, Defendant-Appellant.
No. 5217.
Court of Appeal of Louisiana, Third Circuit.
November 20, 1975.
Rehearing Denied December 17, 1975.
Writ Refused February 3, 1976.
*179 Stafford, Pitts & Stafford, Hodge O'Neal, III, Alexandria, for defendant-appellant.
Reeves, Lossin & Owens by Jack F. Owens, Jr., Harrisonburg, for plaintiff-appellee.
Before MILLER, WATSON and CUTRER, JJ.
CUTRER, Judge.
This is a suit by Charles McCaskill against Deviney Construction Company, for wages, penalties and attorney fees under the provisions of LSA-R.S. 23:631 and 632. Plaintiff alleges that wages are due and unpaid for work he performed for defendant during the period of August 3, 1974 through August 9, 1974. Defendant denied that plaintiff performed work during this period.
The trial court rendered judgment in favor of plaintiff for the sum of $80.00 as wages due, $90.00 as penalties, plus $240.00 attorney fees. Defendant appealed the awards of penalties and attorney fees. We affirm.
The first issue for determination is whether the trial court erred in allowing penalties and attorney fees under the facts and according to the provisions of LSA-R.S. 23:631 and 632.
LSA-R.S. 23:631 and 632 provide as follows:
"It shall be the duty of every person, employing laborers ... when discharging any laborer ... within twenty-four hours after such discharge... to pay the laborer or employee the amount due under the terms of employment ... upon demand... at the place where the employee or laborer is usually paid.
"Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety day's wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages. Reasonable attorney's fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after twenty-four hours shall have elapsed from time of making the first demand following discharge or resignation."
This statute was under consideration by the court in the case of Becker v. Choate, 204 So.2d 680 (La.App. 3rd Cir. 1967), wherein the following observations were made:
"Although an employer's delay in paying wages earned by employees within *180 twenty-four hours after their discharge or resignation renders him liable for penalties under R.S. 23:632, this statute must be strictly construed, and it is well settled that the courts will refuse to allow penalties if the employer had some equitable justification for not paying the wages timely. Mitchell v. First Nat. Life Ins. Co. of La., 236 La. 696, 109 So.2d 61 (1959); Clevy v. O'Meara, 236 La. 640, 108 So.2d 538 (1959). See also, Strickland v. American Pitch Pine Export Co., 224 La. 949, 71 So.2d 338; Deardorf v. Hunter, 160 La. 213, 106 So. 831 (1926); Tuberville v. Foster, La.App. 1 Cir. (1959), 113 So.2d 805."

* * * * * *
"While cases on this point generally state that R.S. 23:632 is subject to `equitable defenses', we are of the opinion that the word `defenses' does not mean a `defense' in the strict sense of the word. Rather, the tenor of these cases seems to indicate that the court will refuse to assess penalties and attorneys' fees where the facts of the particular case strongly indicate that greater justice will be attained by such refusal. These facts then become equitable considerations, or `defenses' in a loose sense of the word, which will move the court to deny the penalties."
The evidence preponderates that the plaintiff, seventeen years of age, was employed by defendant for a two week period ending on Friday, August 9, 1974. His employment was terminated by his employer on the latter date at which time he was paid for his first week's work. He earned $2.00 per hour and worked forty hours each week. The employees were paid each Friday, and plaintiff reported to his foreman, Curtis Butler, on the Friday following termination, requesting his pay for the second week. He was told by Butler to return that afternoon as the check had not been received from the defendant that morning. Plaintiff returned that afternoon, to no avail. He was then told that Mr. Duckworth (Bill Duckworth, a supervisor) may have the check. He went to Duckworth's home and inquired about the pay. Duckworth told defendant to return the following Monday. He did as instructed and Duckworth informed him he didn't have the check. He made demand on Bill Duckworth on at least two other occasions, and also made demand on D. C. Duckworth, the regional supervisor. He was told that the company would be contacted about the situation.
Glen Graves testified that he was office manager for defendant in Jackson, Mississippi, defendant's home office. He stated that the time sheets for Louisiana employees were sent to the Jackson office each week and checks were mailed to the supervisor for distribution. If any employee failed to receive a check the supervisor could call the Jackson office and the error would be rectified by issuing a check and sending it, by bus, to Louisiana. The time sheets for the week in question failed to show that plaintiff worked. Graves stated that he received no word from any of the defendant's supervisory personnel pertaining to the week's wages demanded by the plaintiff. The supervisory personnel upon whom demand was made took no steps to ascertain the correctness of plaintiff's demands until a demand letter, dated October 24, 1974, was received by defendant.
The trial judge stated, in substance, that defendant's failure to take any steps to ascertain the validity of plaintiff's repeated demands and to pay wages that were due, subjected the defendant to penalties and attorney fees.
Our review of this record indicates no manifest error in the trial court's holding *181 that plaintiff worked for two weeks and was entitled to two weeks pay.
The trial judge correctly applied LSA-R.S. 23:631 and 632 along with the jurisprudence interpreting same. The procedure or policies of an employer for the payment of wages to employees must be such that the requisites of the statute can be met. When the failure to pay wages due according to the statute is attributable to neglect or improper pay procedure of an employer, the equitable defense enunciated by the Becker case is not available to an employer. Young v. White Stores, Inc., 269 So.2d 266 (La.App. 3rd Cir. 1972). In the case at hand we have not only the lack of proper procedure to meet the requisites of the statute but also the additional factor of neglect by the supervisory personnel. We find that penalties and attorney fees are due.
The plaintiff-appellee filed an answer to the appeal requesting an increase in penalties and attorney fees. A motion to dismiss was filed on the ground that the answer was filed late.
The record reflects that the Return date was July 1, 1975. This was extended to August 1, 1975. The transcript was lodged on the latter date. Under the provisions of LSA-C.C.P. article 2133, the appellee must file his answer not later than fifteen days after the lodging of the transcript with this court. The answer, having been filed August 19, 1975, was not timely filed. The motion to dismiss the answer shall be granted and the answer dismissed. Having dismissed the answer, the request for additional penalties and attorney fees cannot be considered.
For the reasons above assigned, we affirm the judgment of the trial court; defendant-appellant to pay all costs.
Affirmed.