923 So.2d 967 (2006)
Dale FIELDS and State Farm Mutual Automobile Insurance Company, Plaintiffs-Appellants,
v.
AMERICAN CENTRAL INSURANCE COMPANY and William C. Lensing, Defendant-Appellees.
No. 40,738-CA.
Court of Appeal of Louisiana, Second Circuit.
March 8, 2006.
*968 Nelson, Zentner, Sartor & Snellings, L.L.C. by Thomas G. Zentner, Jr., Monroe, for Appellants.
Theus, Grisham, Davis & Leigh by Marcy L. Allen, Brad Allen Thompson, James M. Edwards, Monroe, for Appellee.
Before BROWN, CARAWAY & PEATROSS, JJ.
PEATROSS, J.
Plaintiffs, Dale Fields ("Fields") and State Farm Mutual Automobile Insurance Company ("State Farm"), appeal the trial court's granting of summary judgment dismissing Plaintiffs' claims against Defendant, American Central Insurance Company ("American"). For the reasons stated herein, the judgment of the trial court is affirmed.

FACTS
On June 18, 2003, a vehicle owned and driven by Dale Fields was involved in an accident with a 1992 Ford F-250 pick-up truck driven by William C. Lensing ("Will"), and owned by his father, William S. Lensing. The cause of the accident was William C. Lensing's alleged negligence in running a red light which controlled his lane of traffic. At the time of the accident, the Fields vehicle was insured by an automobile insurance policy issued through State Farm, and the Lensing pick-up was insured by an automobile insurance policy issued through American. On June 14, 2004, Fields and State Farm filed suit against American and Lensing for the damages incurred in the accident.
In its answer, American alleged that its policy did not provide coverage for the accident in question because of a Named Driver Exclusion Endorsement excluding coverage for any liability caused while the insured vehicle was being driven by William C. Lensing. Relying on this endorsement, American filed a motion on May 4, 2005, seeking summary judgment on the issue of coverage.
In support of its motion, American filed a certified copy of the automobile renewal insurance policy issued to William S. Lensing and his wife, Cynthia Lensing, for the period between May 27, 2003, and May 27, 2004, and under which the 1992 Ford F-250 pickup is listed as a covered auto. The policy was obtained through Francis Lensing, an agent with the insurance agency of Lensing, Lensing, Cunningham and Hager in Lake Providence, Louisiana. Francis Lensing and William S. Lensing are cousins.
The declarations section of the policy indicates that the policy was processed on February 20, 2003, and identifies William and Cynthia Lensing of 105 Seville Circle, Monroe, Louisiana, as the named insureds. It identifies four different vehicles as the covered autos, among which is the 1992 Ford F-250 involved in the accident. The declarations page also identifies the three following individuals as the operators of the vehicles: William Lensing, Cynthia Lensing and Laura Lensing. Identified as an excluded operator is Will Lensing. Lastly, the declarations page identifies the *969 attachments which make up the terms of the policy. Among the attachments listed is the "NAMED DRIVER EXCLUSION ENDORSEMENT."
The named driver exclusion identified by the declarations page is found at page 41 of the policy and provides in pertinent part that:
It is hereby agreed that with respect to such insurance, as is afforded by the policy, we shall not be liable for loss, damage, and/or liability caused while the auto described in the policy or any other auto to which the terms of the policy are extended to is being driven or operated by the following name (sic) person:
Typed directly under that language is the name "William L. (sic) Lensing."[1] The endorsement then bears the signature of "William S. Lensing" on the line provided for the insured's signature and bears the signature of William C. Lensing on the line provided for the excluded driver's signature. The section of the policy renewal's declarations page labeled "OPERATORS AND NON-OPERATORS" lists as an excluded driver a "WILL LENSING" with a date of birth of May 13, 1983.
After the named driver exclusion endorsement, the policy contains an underwriting advisory dated March 3, 2002, wherein the insurer informed the agent on the policy that the policy for Cynthia and William S. Lensing should not be renewed after its expiration on May 27, 2002, due to the "circumstances surrounding the 02/08/02 at fault accident involving a youthful operator." In the area reserved for the agent's response, the following handwritten language appears: "See following driver exclusion for Will. Please rescind the non-renewal [and] issue bill for the renewal. Thanks for your help." Directly below the above-quoted language is Francis Lensing's signature stamp and the date of May 23, 2002.
American also introduced the affidavit of Louis Futch, one of its underwriters. The affidavit asserts that American was not charging or collecting premiums to provide insurance coverage on William C. Lensing during the policy period of May 27, 2003, through May 27, 2004, and that he was an excluded driver under the policy as reflected by the Named Driver Exclusion Endorsement and the declarations section.
Also introduced was the deposition testimony of William S. Lensing. In the deposition, Mr. Lensing identified the signatures on the named driver exclusion endorsement as his own and that of his son, William C. Lensing. He testified that his son's date of birth is May 13, 1983, and that he is commonly referred to as "Will." He could neither confirm nor deny whether Will was a resident of his household at the time the named driver exclusion was signed.
Lastly, American introduced certified copies of a policy obtained from Progressive Insurance providing coverage to a 19-year-old male by the name of William Lensing whose address is listed as 105 Seville Circle, Monroe, Louisiana. Coverage under the policy began on May 2, 2002, and, pursuant to renewals dated November 2, 2002, May 2, 2003, and November 2, 2003, continued through May 2, 2004. Under each policy renewal, the insured's address continues to be listed as 105 Seville Circle, Monroe, Louisiana.
The motion for summary judgment was opposed by Fields who argued that there had been no showing as to either the date the named driver exclusion endorsement *970 was executed or William C. Lensing being a resident of the insured's household at the time it was executed. No evidence was introduced, however, to show either that the endorsement was executed after the accident in question or that William C. Lensing was not a resident of his parents' household at the time it was executed.
The motion for summary judgment came on for hearing on June 30, 2005, and the trial court subsequently signed a judgment granting the relief sought by American. This appeal followed.

DISCUSSION
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Summary judgment procedure is designed to secure the "just, speedy, and inexpensive determination of every action, except those disallowed by La. C.C.P. art. 969." La. C.C.P. art. 966(A)(2); Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002.
The initial burden of proof rests with the mover to show that no genuine issue of material fact exists. If the mover makes a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Jones, supra. The review of the granting of a motion for summary judgment is de novo, under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Jones, supra.
An insurance policy is an agreement between parties and should be interpreted using ordinary contract principles. Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96), 665 So.2d 1166, judgment amended by, 95-0809 (La.4/18/96), 671 So.2d 915. If the language in an insurance contract is clear and unambiguous, the agreement must be enforced as written. See La. C.C. art.2046; Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. Further, insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180. The insurer, however, has the burden of proving that a loss comes within a policy exclusion. Broadmoor Anderson v. National Union Fire Ins. Co. of Louisiana, 40,096 (La.App.2d Cir.9/28/05), 912 So.2d 400.
Louisiana's automobile insurance law requires omnibus coverage in favor of any person using an insured vehicle with the permission or consent of the named insured. La. R.S. 32:900(B)(2). In 1990, however, the Louisiana Legislature added subsection (L), which is an exception to the general rule of omnibus coverage. La. R.S. 32:900(L) permits an insurer and an insured, by written agreement, to exclude from coverage any named person who is a resident of the same household as the named insured at the time that the written agreement is executed. The exclusion remains effective, regardless of whether the excluded person continues to remain a resident of the same household subsequent to the execution of the written agreement. La. R.S. 32:900(L)(1); Williams v. Watson, 01-0495 (La.10/16/01), 798 So.2d 55.
It is undisputed that American issued a policy under which omnibus coverage should have been available for the *971 complained-of loss; therefore, the burden was on American to show that the loss fell within one of the policy's exclusions. To meet this burden, American submitted a certified copy of the policy containing a named driver exclusion endorsement executed by William S. Lensing as the insured and William C. Lensing as the named excluded driver. The endorsement excludes coverage under the policy for any liability resulting from the operation of the covered autos by William C. Lensing. Fields contends, however, that this was insufficient to meet American's burden because no evidence was presented showing either that the endorsement was executed on a particular date or that William C. Lensing was residing with his parents at the time. We disagree.
While it is true that the record does not establish the exact date that the named driver exclusion was executed, the record clearly establishes that it was executed no later than February 20, 2003, when it was incorporated into the renewal policy under which coverage is being sought. In fact, the record suggests that the exclusion could have been signed as early as May 2002, before the prior year's renewal policy was issued. In either circumstance, the endorsement would have been executed prior to the issuance of the policy in question and prior to the accident which forms the basis of the plaintiffs' lawsuit.
La. R.S. 32:900(L)(2) provides that the execution of a named driver exclusion endorsement remains valid for the life of the policy, and the execution of a new form is not required when renewal, reinstatement, substitute or amended policies are issued to the named insured by the insurer. Since it is undisputed that the endorsement in question was signed prior to both the accident and issuance of the renewal policy under which coverage is being sought, absent some other invalidating circumstance, the endorsement would have been valid to exclude coverage for the loss in the present case. While there may be a question as to when exactly the endorsement was executed, the exact date of execution is not a material fact precluding summary judgment in this case.
Fields further argues that summary judgment was not proper because there is a genuine issue of material fact as to whether William C. Lensing was living with his parents at the time that the endorsement was executed. As evidence of this issue of fact, Fields cites William S. Lensing's deposition testimony wherein he asserted that he did not know whether his son was living with him at the time that the endorsement was executed. An insured's inability to recall his son's residency at the time he executed a named driver exclusion endorsement excluding coverage for his son does not create a genuine issue of fact. While the son's residency is a material fact to the validity of the endorsement, his father's inability to recall the son's residency alone does not create an issue of fact.
Since American will bear the burden of proof of the exclusion at trial, we look at what evidence American introduced to prove residency. Recall that American provided certified copies of a policy obtained from Progressive Insurance providing coverage to a 19-year-old male by the name of William Lensing whose address is listed as 105 Seville Circle, Monroe, Louisiana. Coverage under the policy began on May 2, 2002, and, pursuant to renewals dated November 2, 2002, May 2, 2003, and November 2, 2003, continued through May 2, 2004. Recall further that, under each policy renewal, the insured's address continues to be listed as 105 Seville Circle, Monroe, Louisiana. This constitutes evidence tending to prove residency and supports the fact that the son, William C. *972 Lensing, resided at his father's, the insured's, residence at the time the exclusion was executed. No opposition evidence was introduced by Fields that the 19-year-old did not reside at his father's home. As previously stated, the testimony of William S. Lensing that he could not definitively state whether or not his son resided at his home on the date the exclusion was executed is not proof of non-residency.
Finally, we note that American had no obligation to show that every prerequisite to the fulfillment of the insurance contract had been met in confecting of the agreement. A legal presumption exists in favor of the validity of a contract. J.P. Barnett v. Ludeau, 171 La. 21, 129 So. 655 (La.1930); Wilson v. Sawyer, 106 So.2d 831 (La.App. 2d Cir.1958). In effect, the law presumes that the prerequisites for the confection of a valid contract are present absent proof to the contrary. Accordingly, it was incumbent on Fields to present evidence calling the residency of William C. Lensing with his parents into question if they wished to assert his lack of residency as invalidating the endorsement. Again, no such evidence was presented.
In summary, we conclude that the record does not evidence any genuine issue of material fact as to the validity of the named driver exclusion endorsement. Accordingly, we conclude that the trial court properly entered summary judgment on the issue of coverage in favor of American.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting American Central Insurance Company's motion for summary judgment is affirmed. The costs of this appeal are to be borne by Dale Fields and State Farm Mutual Auto Insurance Company.
AFFIRMED.
NOTES
[1] Despite the typographical error designating the excluded driver as William "L." Lensing, the record reflects that there is no dispute that the parties' intent was to exclude William C. Lensing (also referred to as "Will") as the named driver.