968 So.2d 819 (2007)
NATIONAL AUTOMOTIVE INSURANCE COMPANY, As Partial Subrogee of/and Shawna Pearson, Plaintiffs-Appellants
v.
Christopher W. CASTLEMAN, Georgia Castleman & American Century Casualty Company, for Defendants-Appellees.
No. 42,518-CA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 2007.
*820 Allen & Gooch by Robert A. Robertson, Lafayette, for Appellants.
Blanchard, Walker, O'Quin & Roberts by Paul M. Adkins Scott R. Wolf, Shreveport, for Appellees.
Before WILLIAMS, GASKINS and LOLLEY, JJ.
LOLLEY, J.
Appellants, National Automotive Insurance Company as partial subrogee of/and Shawna Pearson, appeal the granting of summary judgment by the 26th Judicial District Court, Parish of Bossier, State of Louisiana, in favor of American Century Casualty Company. For the following reasons, the judgment of the trial court is affirmed.

FACTS
On February 21, 2005, Shawna Pearson was traveling northbound on Water Road in Bossier Parish, Louisiana, when she was involved in an accident with a 1998 Chevrolet S-10 pickup truck owned by Gloria Castleman. The truck was being operated by Chris Castleman, Gloria's son, and was insured under a policy issued to Gloria Castleman by American Century Casualty Company ("ACCC"). As a result of the accident, Pearson allegedly incurred $3,984.51 in property damage which her insurer, National Automotive Insurance Company ("NAIC") paid to her, less her $500.00 deductible.
Subsequently, NAIC as subrogee of/and Pearson filed suit against Christopher Castleman, Gloria Castleman and ACCC for the property damage incurred as a result of the accident. In its answer, ACCC alleged among other defenses, that Chris was an excluded driver under its policy and, thus, no coverage existed for his fault, if any, in the damages caused to Pearson and NAIC.
ACCC filed a motion for summary judgment, alleging that no genuine issue of fact existed as to whether Chris was an excluded driver under the policy issued to Gloria Castleman and that ACCC was entitled to summary judgment as a matter of law. In support of its motion for summary judgment, ACCC submitted a certified copy of the insurance policy and an affidavit from Richard Reed, one of its claims managers. The parties agreed to submit ACCC's motion for decision on the basis of their briefs, and subsequently, the trial court rendered judgment granting ACCC's motion for summary judgment. This appeal by NAIC and Pearson ensued.

DISCUSSION
In their first assignment of error, the appellants argue that the trial court erred in granting summary judgment because issues of material fact existed. Specifically, appellants maintain that ACCC failed to show that no genuine issue of fact existed as to whether Chris was a resident of Gloria Castleman's household at the time she executed the named driver exclusion form.
An insurance policy is an agreement between parties and should be interpreted using ordinary contract principles. Smith v. Matthews, 611 So.2d 1377 (La. 1993); Fields v. American Cent. Ins. Co., 40,738 (La.App. 2d Cir.03/08/06), 923 So.2d 967. Insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. Reynolds v. Select Properties, Ltd., XXXX-XXXX (La.04/11/94), 634 So.2d 1180. The insurer, however, has the burden of proving that a loss comes within a policy exclusion. Fields, supra.
On the date the policy at issue was delivered and on the date of the accident, La. R.S. 32:900(L) provided:

*821 (1) Notwithstanding the provisions of Paragraph (B)(2) of this Section, an insurer and an insured may by written agreement exclude from coverage the named insured and the spouse of the named insured. The insurer and an insured may also exclude from coverage any other named person who is a resident of the same household as the named insured at the time that the written agreement is entered into, and the exclusion shall be effective, regardless of whether the excluded person continues to remain a resident of the same household subsequent to the execution of the written agreement. It shall not be necessary for the person being excluded from coverage to execute or be a party to the written agreement. For the purposes of this Subsection, the term "named insured" means the applicant for the policy of insurance issued by the insurer.
(2) The form signed by the insured or his legal representative which excludes a named person from coverage shall remain valid for the life of the policy and shall not require the completion of a new driver exclusion form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. Any changes to an existing policy, including but not limited to the addition of vehicles or insured drivers to said policy, regardless of whether these changes create new coverage, do not create a new policy and do not require the completion of a new agreement excluding a named person from coverage. For the purpose of this Subsection, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.
In short, La. R.S. 32:900(L)(1) provides the authority for the automobile insurer and the insured to contract to exclude a resident of the insured's household from coverage under the policy. The purpose is to give the insured the option of paying a reduced premium in exchange for insurance that affords no coverage while a vehicle is being operated by the excluded driver. Bryant v. United Servs. Auto. Ass'n, XXXX-XXXX (La.09/09/04), 881 So.2d 1214.
Here, the insurance policy was originally issued on January 29, 2004, and contemporaneous with the application for same, Gloria executed three separate endorsement forms entitled "Exclusion of Named Driver." One of these three forms excluded Chris from coverage under the policy. The pertinent language from the endorsement read as follows:
IMPORTANT  READ BEFORE YOU SIGN
You agree that none of the insurance coverages afforded by this policy shall apply while
Chris Castleman 6/21/86
(The Excluded Driver)
is operating your covered auto(s) or other motor vehicle.
The declarations page lists Gloria's address as 2 Amanda Lane, Haughton, Louisiana 71037. On the amended declarations page reflecting the named driver exclusions, Gloria, Jacob, Chris and John Castleman are listed as "All Drivers in the Household." Furthermore, paragraph 17 of the "Conditions" section of the policy reads as follows:
Declarations. By the acceptance of the policy, the insured named in the declarations agrees that the statements contained *822 in the application, a copy of which is attached to and forms a part of this policy, have been made by him or on his behalf and said statements and the statements in the declarations and in any subsequent application by the Company are offered as an inducement to the Company to issue or continue this policy and that the same are his agreements and representations, and that this policy is issued and continued in reliance upon the truth of such statements and representations and that this policy embodies all agreements existing between himself and the Company or any of its agents relating to this insurance.
The policy was originally issued to cover only one vehicle-a 1998 Ford Taurus. On February 21, 2004, coverage for the 1998 Chevrolet S-10 pickup involved in the accident was added to the policy, and on September 30, 2004, coverage for a 2000 Chevrolet S-10 pickup was added. The policy renewed on February 10, 2005. At the time of renewal the policy's "Renewal Certificate" indicated that Chris, Jacob and John Castleman continued to be excluded drivers under the policy and that coverage under the policy applied to the 1998 and 2000 S-10 pickups. The 1998 Ford Taurus was no longer listed as a covered automobile.
Appellants' argument that ACCC failed to meet its burden of showing that Chris Castleman was a resident of the insured's household when the named driver exclusion was executed is without merit. In support of the motion for summary judgment, ACCC submitted a copy of its policy indicating that the insured, Gloria Castleman, had expressly elected to exclude Chris Castleman from coverage under the policy. Furthermore, the declarations page for the policy period dated January 29, 2004, lists Chris Castleman as a resident of the insured's household. Finally, the policy contains a provision indicating that Gloria agreed that the statements on the declarations page were offered as inducement to ACCC to undertake the risk, that the statements were based on her representations, and that the policy was issued in reliance upon the truth of such statements.
Pursuant to the policy's provisions, the inclusion of Chris Castleman as a member of Gloria's household on the declarations page on the same date she executed the "Exclusion of Named Driver" form constituted a stipulation by Gloria that Chris Castleman was a member of her household at the time the written agreement was entered into. Because the exclusion remains effective, regardless of whether the excluded person continues to remain a resident of the same household, La. R.S. 32:900(L)(1), Chris Castleman's residence thereafter is irrelevant.
Furthermore, as this court has previously stated, because a legal presumption exists in favor of the validity of a contract, ACCC had no obligation to show every prerequisite to the fulfillment of the insurance contract. Fields, at 972, citing J.P. Barnett v. Ludeau, 171 La. 21, 129 So. 655 (1930) and Wilson v. Sawyer, 106 So.2d 831 (La.App. 2d Cir.1958). Accordingly, perfection of the contract which included the exclusion of Chris as a named driver gives rise to the presumption that the exclusion was valid and therefore, that Chris was a resident of Gloria's household. This assignment is without merit.
In their second assignment of error, the appellants argue that the trial court erred in granting summary judgment dismissing all of plaintiffs' claims against ACCC, because the named driver exclusion does not preclude coverage under *823 appellants' negligent entrustment claim against Gloria. Again, we disagree.
Appellants argue that because Gloria entrusted her vehicle to an excluded and uninsured driver, ACCC should be liable for their damages under the theory of negligent entrustment. The contractual exclusion in this case clearly provides that none of the coverage afforded therein "shall apply while Chris Castleman is operating your covered auto(s) or any other motor vehicle." The exclusion is not limited to liability for Chris' negligence in operating a covered vehicle, it excludes coverage for any liability arising while he is driving a covered vehicle.
Whether the claim is one for Chris' negligence in operating the vehicle or for Gloria's negligent entrustment of the vehicle, the alleged liability arose while Chris was operating a covered auto and was thus excluded from coverage under the policy. The appellants have not urged nor is this court aware of any public policy which would preclude the enforcement of such an exclusion.
The Fourth Circuit Court of Appeal addressed the issue of whether a named driver exclusion had the effect of precluding coverage for a claim against the named insured for negligent entrustment of a covered vehicle to the excluded driver in Medina v. Woods, XXXX-XXXX (La.App. 4th Cir.10/31/06), 944 So.2d 697. In finding that it did, the court reasoned that it would unjustly deprive the insurer of the benefit of its bargain to allow an insured to purchase a vehicle liability policy with an excluded driver endorsement, proceed to permit the excluded driver to drive the insured vehicle, and then reap the benefits of the policy. Where the policy language clearly precludes coverage as it does in the instant case, we agree. Accordingly, this assignment of error is also without merit.

CONCLUSION
For the reasons set forth above, the judgment of the trial court granting American Century Casualty Company's motion for summary judgment is affirmed. Costs of this appeal are to be borne by National Automotive Insurance Company as partial subrogee of/and Shawna Pearson.
AFFIRMED.