*1049
 
 WILLIAMS, J.
 

 | defendant, USAgencies Casualty Insurance Company, Inc. (“USAgencies”), appeals a city court judgment, finding it liable to plaintiff for damages arising out of an automobile accident involving its insured’s vehicle. For the reasons that follow, we reverse.
 

 FACTS
 

 On December 29, 2007, defendant, Vernon Washington, applied with USAgencies for automobile liability insurance on two vehicles, a 1990 Buick Century and a 1985 Oldsmobile Cutlass. USAgencies issued a policy with effective dates of January 1, 2008, through July 2, 2008. During the application process, Washington signed an excluded driver endorsement, expressly excluding Aretha A. McGraw and her children, Christopher McGraw and Tiffany McGraw, as insured vehicle operators under the policy. The endorsement page reflects policy limits of $10,000/$20,000 for each of the two vehicles and lists the driver as Vernon Washington. Aretha A. McGraw, Christopher McGraw and Tiffany McGraw were listed as excluded drivers on the endorsement page.
 

 On February 11, 2008, defendant, Are-tha McGraw, was involved in a two-vehicle automobile accident while operating the Buick Century owned by Washington and insured under the USAgencies policy. The driver of the other vehicle was 16-year-old Don’tiquae Young; Jai’Queshia Young, her sister, was a passenger in the vehicle. The vehicle was owned by their mother, Jacqueline Young, who subsequently filed a lawsuit on behalf of her minor children. Young named McGraw, Washington and USAgencies as defendants, and alleged,
 
 inter alia,
 
 that the automobile McGraw was ^driving was insured by USAgencies.
 
 [1]
 

 In response to the petition, defendant, USAgencies, filed a motion for summary judgment, alleging that McGraw was an excluded driver under the policy; therefore, no coverage existed for her fault in causing the accident. The trial court denied the motion, and the matter proceeded to trial.
 

 The issue of insurance coverage was hotly contested during the trial. USAgencies presented evidence that Washington expressly excluded McGraw as a driver at the time he entered into the insurance contract. However, plaintiffs maintained that the named-driver exclusion provision did not apply to McGraw because Washington and McGraw were not residents of the same household at the time Washington obtained the policy.
 

 The evidence adduced at trial by the insurer established that Washington resided at 1996 Joe G. Drive, Monroe, Louisiana. Both Washington and McGraw testified that McGraw resided at that residence with Washington at the time the policy was issued. However, plaintiffs produced evidence that the address listed on McGraw’s expired driver’s license was 812 Tanglewood Drive, Monroe, Louisiana (the address where McGraw’s mother resides).
 
 [2]
 
 Also, evidence was introduced that on the day of the accident, McGraw had informed the police officer investigating the accident that she lived at the Tanglewood address. Additionally, McGraw’s disability checks were mailed to the Tanglewood address.
 

 
 *1050
 
 |sThe trial court concluded that the evidence presented failed to establish that Washington and McGraw were residents of the same household when the policy was issued. Therefore, the court concluded that McGraw could not legally be considered an excluded driver and USAgencies was liable to plaintiffs for the damages arising out of the accident. The court awarded plaintiffs personal injury damages in the amount of $5,750 and $50 in property damages.
 

 USAgencies filed a motion for new trial, alleging that the trial court’s ruling was “clearly contrary to the law and evidence.” The trial court denied the motion. USA-gencies appeals.
 
 [3]
 

 DISCUSSION
 

 USAgencies contends the trial court’s finding that McGraw and Washington were not residents of the same household when the insurance policy was written was manifestly erroneous. It argues that the court ignored the testimony of both McGraw and Washington as to McGraw’s residence at the time that the policy was issued, and erroneously relied on the address listed on McGraw’s expired driver’s license and disability checks as the most competent evidence of her actual residence.
 

 An insurance policy is an agreement between the parties and should be interpreted using ordinary contract principles.
 
 Smith v. Matthews,
 
 611 So.2d 1377 (La.1993);
 
 National Automotive Ins. Co. v. Castleman,
 
 42,518 (La.App.2d Cir.10/24/07), 968 So.2d 819. Insurance companies have the right to limit coverage in any manner they desire, as long as the limitations |4do not conflict with statutory provisions or public policy.
 
 Reynolds v. Select Properties, Ltd.,
 
 93-1480 (La.4/11/94), 634 So.2d 1180;
 
 Castleman, supra.
 
 However, the insurer has the burden of proving that a loss falls within a policy exclusion.
 
 Castleman, supra; Fields v. American Cent. Ins. Co.,
 
 40,738 (La.App.2d Cir.3/8/06), 923 So.2d 967.
 

 At all times relevant to the instant case, LSA-R.S. 32:900(L) provided, in pertinent part:
 

 (1) [A]n insurer and an insured may by written agreement exclude from coverage the named insured and the spouse of the named insured. The insurer and an insured may also exclude from coverage any other named person who is a resident of the same household as the named insured at the time that the written agreement is entered into, and the exclusion shall be effective, regardless of whether the excluded person continues to remain a resident of the same household subsequent to the execution of the written agreement. It shall not be necessary for the person being excluded from coverage to execute or be a party to the written agreement. For the purposes of this Subsection, the term ‘named insured’ means the applicant for the policy of insurance issued by the insurer.
 

 [[Image here]]
 

 In sum, Section 900(L)(1) grants the automobile insurer and the insured the statutory authority to contract to exclude a resident of the insured’s household from coverage under the automobile policy. The purpose of Section 900(L) is to allow the named insured the option of paying a reduced premium in exchange for obtaining an insurance policy that affords no coverage for an accident while a covered vehicle is being operated by an excluded driver.
 
 Bryant v. United Servs. Auto. Ass’n,
 
 2003-3491 (La.9/9/04), 881 So.2d
 
 *1051
 
 1214;
 
 Joseph v. Dickerson,
 
 99-1046 (La.1/19/00), 754 So.2d 912.
 

 | -The issue of whether the excluded driver and the named insured were members of the same household at the time that the automobile liability policy was written is a factual determination.
 
 Joseph, supra.
 
 A factual finding cannot be set aside on appellate review unless the reviewing court concludes that the finding was clearly wrong.
 
 Id.; Rosell v. ESCO,
 
 549 So.2d 840 (La.1989).
 

 In the instant case, the insurance policy was issued on December 29, 2007, and listed Washington’s address as 1996 Joe G Drive, Monroe, LA, 71202. Contemporaneous with the application for automobile liability insurance, Washington executed three separate documents in which he listed McGraw as a resident of his household and expressly excluded her from coverage under the policy. The “Named Driver Exclusion Endorsement” in question reads as follows:
 

 In consideration of the premium charged, it is hereby agreed that any person identified in the list below is a Named Excluded Operator as defined by the Policy to which this form is endorsed and made a part thereof.
 

 Aretha A. Mc[G]raw
 

 Christopher M. Mc[G]raw
 

 Tiffany Mc[G]raw
 

 The undersigned named insured warrants that each person listed above resides in the same household as the named insured as of the date of signing this agreement. This agreement will remain in effect as to each of the above persons regardless of whether any or all of the above listed persons stop residing in the same household of the named insured at a later date.
 

 [[Image here]]
 

 IMPORTANT NOTICE: By signing this endorsement, the undersigned applicant agrees that no insurance coverage is provided under any part of the policy for the operation of any auto by the listed person.
 

 [[Image here]]
 

 | fi(Emphasis in original). The application for insurance also contained a “Disclosure and Classification of
 
 ALL
 
 Persons Living in the Named Insured’s Household” which contained the following statement:
 

 ⅜ ⅝ s¡:
 

 2) Excluded Persons: persons that live in my household and I request in writing to exclude these persons from any benefit of this policy!.] USAgencies Casualty Insurance Company will not be responsible for any damage caused by an excluded person or non-listed household resident not found on this application.
 

 * * *
 

 “Aretha A. Mc[G]raw, Christopher M. Me[G]raw [and] Tiffany Mc[G]raw” were listed as “Excluded Persons.” Also, the declarations page of the policy listed McGraw and her children as “operators excluded from this policy.”
 

 During the trial, McGraw testified that she and her children have lived with Washington at 1996 Joe G. Drive since 2003. She also testified that she and her children lived with Washington at 814 Tanglewood Drive from approximately 1998 to 2003, stating that she and Washington had lived together continuously since 1998. McGraw further testified that prior to moving in with Washington, she lived with her mother and stepfather at 812 Tangle-wood Drive. McGraw admitted that immediately following the accident, she told the investigating police officer that she lived at 812 Tanglewood Drive-her parents’ address. McGraw stated, “I didn’t think it was a big deal. [M]ost of my mail goes to
 
 *1052
 
 my mother’s address and at that time, I didn’t think nothing of it.” McGraw testified that it had never occurred to her to change her mailing address because she goes to her mother’s house every day, and it was easy to pick up her mail from there.
 

 Washington testified at trial that he and McGraw had lived together at |71996 Joe G. Drive for approximately seven years. He also testified that prior to moving to the residence on Joe G. Drive, he and McGraw had lived together at 814 Tangle-wood Drive for approximately “two to five” years. Washington stated that at the time he obtained the automobile insurance policy, he informed USAgencies that McGraw was a member of his household. He also testified that he intentionally excluded McGraw from coverage under the policy because of financial constraints.
 

 Our review of the record convinces us that the lower court’s finding that McGraw and Washington were not residents of the same household at the time the automobile liability policy was issued is clearly wrong. As stated above, the insurance documents executed by Washington listed McGraw as a resident of Washington’s household. Additionally, Washington testified that he and McGraw had lived together at the Joe G. Drive address continuously for more than seven years. Moreover, McGraw testified that she has resided with Washington at sequential addresses, 814 Tanglewood Drive, and later, 1996 Joe G. Drive, the address where McGraw and Washington both resided at the time the policy was written and on the date of the accident.
 

 Based on the above testimony, it is immaterial that McGraw’s expired driver’s license listed 812 Tanglewood Drive as her address or that McGraw received her disability checks and “most of [her] mail” at her mother’s address. Therefore, we find that the record does not contain a reasonable factual basis for the trial court’s conclusion that McGraw and Washington were not residents of the same household when the policy exclusions were ^executed. Consequently, the trial court was manifestly erroneous in concluding that the policy endorsement excluding Aretha McGraw as a driver of the vehicles covered under the policy was inapplicable and that the defendant, McGraw, was a covered operator of the vehicle at the time of the automobile accident.
 

 CONCLUSION
 

 For the reasons set forth herein, the judgment of the city court finding USA-gencies liable for plaintiffs’ damages is hereby reversed. Costs of this appeal are assessed to plaintiff, Jacqueline Young.
 

 REVERSED.
 

 [1]
 

 . On September 25, 2009, the trial court confirmed a judgment of default against McGraw.
 

 [2]
 

 . McGraw’s driver’s license was issued on February 6, 2002, and expired on January 20, 2006. The record also reveals that McGraw’s driver's license had been suspended prior to the accident.
 

 [3]
 

 . Plaintiffs did not file an answer to the appeal or a brief in this court.